[No. 2228-1.    Division One.    March 17, 1975.]

JOHN A. BURKHEIMER *et al.*, *Appellants*, v. THRIFTY INVEST-MENT CO., INC., *et al.*, *Respondents*.

*Thomas G. Holcomb*, for appellants.

*Short, Cressman, & Cable, Edward R. Lagenbach, Jr., Robert S. Jaffe, Lane, Powell, Moss & Miller, Thomas S. Zilly*, and *Kinne F. Hawes*, for respondents.

FARRIS, J.—John A. Burkheimer et al appeal from an

adverse judgment in their action against Thrifty Investment Co., Inc., Thrifty Drugs of Burien, Inc., for breach of a lease agreement, and against Grandmore Investors, E. I. Sherman, H. G. Swendsen and Nickum Properties, Inc., for intentional interference with contractual relations.

In 1959, Burkheimer et al constructed a commercial building in Burien. They leased two-thirds of the building to A & P and the remaining one-third to Thrifty Drugs of Burien, Inc., and Thrifty Investment Co., Inc.; both leases were for a period of 10 years. On August 1, 1966, Thrifty breached its lease by moving its business to the Burien Plaza which is owned and operated by Grandmore Investors, E. I. Sherman, H. G. Swendsen and Nickum Properties, Inc. Thrifty continued to make the monthly rental payments due under the Burkheimer lease for the duration of the lease term and received a credit for those payments against sums due under the Burien Plaza lease pursuant to a hold harmless agreement with the owners of Burien Plaza.

Burkheimer et al commenced this action on August 24, 1971, against Thrifty for breach of the lease agreement and against Grandmore for intentional interference with contractual relations.

Grandmore interposed the defense of statute of limitations for the first time on the trial date. The trial court reserved ruling on the motion and recessed the proceedings for 2 days. Burkheimer filed a brief in opposition to the motion, which was nonetheless granted after argument. Burkheimer's motion for a continuance was denied. At the conclusion of Burkheimer's case, a motion for dismissal was granted to both defendants and judgment dismissing the complaint with prejudice was entered. Burkheimer et al appeal.

It is argued that the trial court erred in (1) granting the motion to amend the pleadings to include the statute of limitations defense while denying Burkheimer's motion for a continuance, (2) ruling that the cause of action alleging intentional interference with a contractual relationship was barred by the statute of limitations, (3) ruling that Burk-

heimer did not prove an intentional interference with contractual relations, and (4) ruling that damages from the breach of lease were not proved. We affirm.

The trial court found as a fact:

In 1965, because of substantial losses at the Burkheimer location, and because competitive changes in the Burien area made future prospects at the Burkheimer location less attractive, Thrifty made a decision to vacate and abandon its drugstore location at the Burkheimer location. After this decision had been made, Thrifty talked with brokers, explored other possible locations in the Burien area with other persons and finally talked with representatives of Grandmore Investors, Inc., a limited partnership, who were then organizing a new shopping center in Burien known as Burien Plaza. Thrifty's decision to vacate the subject property was made before any representative of Thrifty talked with any defendant or third party defendant in this litigation about leasing space at Burien Plaza. During the negotiations for space at Burien Plaza, Thrifty's president, Clarence W. Olberg, initiated discussions which resulted in the execution of the letter agreement dated April 15, 1966 (Exhibit 2). This letter agreement was provided to Thrifty by Grandmore Investors, Inc. in conjunction with the execution by said parties of a lease for space in Burien Plaza (Exhibit 4). Thrifty would have executed the lease with Grandmore Investors, Inc. (Exhibit 4) even if the letter agreement (Exhibit 2) had not been executed.

Finding of fact No. 7.

Plaintiffs have not shown by a preponderance of the evidence:

a. That Nickum Properties, Inc. or Grandmore Investors, Inc. or any individual acting on their behalf interfered with or intended to interfere with the Thrifty-Burkheimer lease.

Finding of fact No. 16. And concluded as a matter of law:

Plaintiffs are not entitled to recover on their second cause of action in that plaintiffs have failed to establish any intentional interference inducing or causing a breach of the lease between Burkheimer and Thrifty. Plaintiffs' action on their second cause of action herein is also barred by the applicable statute of limitations.

Conclusion of law No. 3.

The findings of fact are supported by substantial evidence; whether they support the conclusion is dependent upon whether, as a matter of law, Thrifty's predisposition to breach the lease exculpates Grandmore from liability for intentional interference.

■ The basic elements of the tort of intentional interference with contractual relations are

> (1) [T]he existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted.

*Calbom v. Knudtzon*, 65 Wn.2d 157, 162, 396 P.2d 148 (1964). In appropriate cases, the third element has been refined to require that the alleged interferor be "a moving cause" in the breach. *Valley Land Office, Inc. v. O'Grady*, 72 Wn.2d 247, 258, 432 P.2d 850 (1967), *overruled on other grounds* in *Nordstrom v. White Metal Rolling & Stamping Corp.*, 75 Wn.2d 629, 453 P.2d 619 (1969); *Corinthian Corp. v. White & Bollard, Inc.*, 74 Wn.2d 50, 442 P.2d 950 (1968); *Lanning v. Poulsbo Rural Tel. Ass'n*, 8 Wn. App. 402, 507 P.2d 1218 (1973). In other jurisdictions, this element has been characterized as requiring a showing of causation, either proximate, *United States v. Newbury Mfg. Co.*, 36 F. Supp. 602 (D. Mass. 1941); *Moore v. Sussdorf*, 421 S.W.2d 460 (Tex. Civ. App. 1967); *Snowden v. Sorensen*, 246 Minn. 526, 75 N.W.2d 795 (1956); *Allen v. Powell*, 248 Cal. App. 2d 502, 56 Cal. Rptr. 715 (1967); *Freed v. Manchester Serv., Inc.*, 165 Cal. App. 2d 186, 331 P.2d 689 (1958); *Augustine v. Trucco*, 124 Cal. App. 2d 229, 268 P.2d 780 (1954), or factual, *Martin v. Texaco, Inc.*, 304 F. Supp. 498 (S.D. Miss. 1969). The trial court found as a fact upon substantial evidence that Thrifty would have breached its lease regardless of Grandmore's act; the argument that Grandmore was

a moving cause, the proximate cause or the cause in fact of the breach must therefore fail.

██ Our ruling supporting the trial court's conclusion that Grandmore did not intentionally interfere renders unnecessary a discussion of the assignments of error pertaining to the statute of limitations question. Even assuming arguendo that the trial court erred (1) in permitting Grandmore to amend the pleadings on the first day of trial to include the statute of limitations defense, (2) in denying Burkheimer et al's motion for continuance, and (3) in ruling that the cause of action alleging intentional interference with contractual relations was barred by the statute of limitations, it would make no difference to the outcome. The trial court based its holding on alternate grounds, one of which is sufficient to support the judgment.

The trial court in its oral decision stated:

> It is perfectly clear to this court that damages resulted from the abandonment and breach of the lease; damages over and above the rentals reserved and paid.

The court found, however:

> Plaintiffs have failed to sustain their burden of proof to present sufficient evidence from which the Court can determine damages upon a rational basis without speculation or conjecture.

Finding of fact No. 17.

██ A party need not prove damages with mathematical certainty to recover where the fact of damage is well established. *Reefer Queen Co. v. Marine Constr. & Design Co.*, 73 Wn.2d 774, 440 P.2d 448 (1968). The evidence of damage, however, must be sufficient to afford a reasonable basis for estimating loss so that speculation and conjecture do not become the basis. *Jacqueline's Wash., Inc. v. Mercantile Stores Co.*, 80 Wn.2d 784, 498 P.2d 870 (1972). Further, the damages must be reasonably foreseeable, *Dally v. Isaacson*, 40 Wn.2d 574, 245 P.2d 200 (1952), and proximately caused by the act upon which liability is based, *Dyal v. Fire Cos. Adjustment Bureau, Inc.*, 23 Wn.2d 515, 161 P.2d 321 (1945).

Burkheimer et al's primary damage theory computes the difference between the value of the property had it been encumbered by an A & P lease and the value as presently encumbered by a lease to Associated Grocers. Alternatively, Burkheimer seeks damages measured by the difference between the value of the leases. There was testimony that the amount of damages would be approximately the same under either theory.

The trial court found that the value of the Burkheimer property was adversely affected by increased competition and changed traffic patterns which diverted traffic and consequently customers away from the property. The court also found that Burkheimer entered into the Associated Grocers lease before a memorandum from a top A & P official recommending renewal of its lease for the entire premises was acted upon by the main office. Based on these factors, the court found that the basis for assessing damages was too speculative and denied recovery. These findings are supported by substantial evidence. While we are "exceedingly reluctant to immunize defendants," *Jacqueline's Wash., Inc. v. Mercantile Stores Co., supra* at 786, we hold that the record supports the trial court's decision that the computation of damages is too speculative to permit recovery.

Affirmed.

WILLIAMS, C.J., and CALLOW, J., concur.