[No. 11125-3-III.    Division Three.    September 17, 1991.]

JIMMIE JOY, ET AL, *Appellants*, v. KAISER ALUMINUM AND CHEMICAL CORPORATION, *Respondent*.

*Stanley E. Perdue* and *Perdue Law Firm,* for appellants.

*Leo J. Driscoll* and *Winston & Cashatt,* for respondent.

[As amended by order of the Court of Appeals October 31, 1991.]

SHIELDS, J. — Jimmie Joy sued his employer, Kaiser Aluminum and Chemical Corporation, for tortious interference with his off-duty contractual right to do work for others. Kaiser moved to dismiss, asserting lack of subject matter jurisdiction because of preemption by section 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185(a). Mr. Joy appeals the dismissal of his claim; we affirm.

Kaiser has a collective bargaining agreement with the United Steelworkers of America AFL-CIO (Union), which governs conditions of employment of hourly employees at its Trentwood Plant. Mr. Joy, a Union member, is employed full time by Kaiser as a forklift truck operator in the shipping department of the finishing operation unit. His duties include moving aluminum product from the production lines to storage and shipment preparation areas and from there to Kaiser's shipping docks from which it is loaded by independent carriers for transport to Kaiser's customers. He is supervised by foremen G.J. Karney and R. Williams, who report directly to H.R. Thornton, assistant superintendent in the finishing operations unit. Kaiser's traffic department makes transportation arrangements with the independent carriers.

Mr. Joy alleged he contacted Stan Binczewski, the supervisor of Kaiser's Trentwood shipping department, in July or early August 1988 and obtained his permission to brace, load and block Kaiser's aluminum product for some

of the independent carriers during his off-duty hours. He further alleged he entered into oral contracts with two independent carriers to do this, but on the day he was to begin, Mr. Binczewski told him he could not do so because it would be a conflict of interest. He then alleged Mr. Thornton told him he could not continue to work in the Kaiser shipping department if he was to serve the carriers, and he decided to discontinue his contracts with the carriers.

Mr. Joy brought this action for tortious interference by Kaiser in his contractual right to do work for others. Pursuant to CR 12(d), Kaiser moved to dismiss for lack of subject matter jurisdiction under section 301 of the LMRA. The trial court granted the motion, stating in its order:

> The essential issues of this litigation (including those set forth at page 4 of the memorandum opinion) involve "other conditions of employment" which are subject to the grievance and arbitration provisions of the collective bargaining agreement. Those essential issues and elements are inextricably intertwined with the collective bargaining agreement and relationship and cannot be properly resolved independent of such agreement and relationship.

The trial court's dismissal for lack of subject matter jurisdiction presents a question of law, reviewable de novo. *Hoffer v. State*, 110 Wn.2d 415, 755 P.2d 781 (1988), *aff'd on rehearing*, 113 Wn.2d 148, 776 P.2d 963 (1989). The answer depends upon whether resolution of Mr. Joy's claim requires interpretation of a collective bargaining agreement.

Congress has substantially preempted state law in the area of labor relations. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 85 L. Ed. 2d 206, 105 S. Ct. 1904 (1985). Preemption has been extended to include tort claims by employees against employers when they are inextricably intertwined with consideration of the terms of a labor contract. *Allis-Chalmers*, 471 U.S. at 213. Artful pleading as a state law claim will not avoid preemption. *Dougherty*

v. *AT&T*, 902 F.2d 201 (2d Cir. 1990); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir. 1987); *Milne Employees Ass'n v. Sun Carriers, Inc.*, 714 F. Supp. 1028 (N.D. Cal. 1989).

*Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142 (9th Cir. 1988) set forth the test to determine whether section 301 of the LMRA applies to a claim: Does the application of state law (1) require the interpretation of a collective bargaining agreement, or (2) depend substantially upon analysis of the terms of an agreement made between the parties in a labor contract?

Article 3 of the Union's collective bargaining agreement with Kaiser recognizes it as the exclusive bargaining agent for "the purposes of collective bargaining in respect to rates of pay, wages, hours, or other conditions of employment". It also provides the sole procedure for the processing and settlement of any claim by an employee against Kaiser. Article 10 of the agreement provides for the adjustment of grievances and for arbitration "as to any question relating to the wages, hours of work, or other conditions of employment of any employee . . .". Article 11 of the agreement gives Kaiser the authority to discharge an employee for proper cause.

■ To establish his claim of intentional interference with contractual rights under state law, Mr. Joy must establish: (1) existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy by the alleged interfering party; (3) intentional interference inducing or causing breach or termination of the relationship or expectancy; and (4) resultant damage. *Birkenwald Distrib. Co. v. Heublein, Inc.*, 55 Wn. App. 1, 10, 776 P.2d 721 (1989); *Burkheimer v. Thrifty Inv. Co.*, 12 Wn. App. 924, 927, 533 P.2d 449 (1975).

The validity of the contractual right depends on an interpretation of the phrase "conditions of employment" in article 3 of the collective bargaining agreement. Kaiser asserts a condition of Mr. Joy's employment is his undivided interest, loyalty and duty to it: to perform his

job as a forklift truck operator as directed by Kaiser, not as directed by his self-interest. Under what circumstances the proposed contracts would or would not be in breach of a condition of employment under article 3 is an issue to be decided under article 10 as an adjustment of a grievance. Here, to establish the first element of a claim of intentional interference with contractual rights under state law requires interpretation of the collective bargaining agreement.

▪ Furthermore, to establish a defense to Mr. Joy's claim under state law, Kaiser must prove the interference is justified. A defendant "who in good faith asserts a legally protected interest of his own which he believes may be impaired by the performance of a proposed transaction is not guilty of tortious interference.'" *Brown v. Safeway Stores, Inc.*, 94 Wn.2d 359, 375, 617 P.2d 704 (1980) (quoting *Singer Credit Corp. v. Mercer Island Masonry, Inc.*, 13 Wn. App. 877, 884, 538 P.2d 544 (1975)). If the interference involves the exercise of an absolute right equal or superior to the right which was invaded, it is justified as a matter of law. *Plumbers & Steamfitters Union Local 598 v. WPPSS*, 44 Wn. App. 906, 724 P.2d 1030 (1986), *review denied*, 107 Wn.2d 1021, *cert. denied*, 482 U.S. 905 (1987).

Whether Mr. Joy's employment as a forklift truck operator at the shipping docks gives him the opportunity to show favoritism and give preferential treatment to the independent carriers with whom he contracts and whether Kaiser has a legally protected interest to have the carriers, and Kaiser's customers who contract with them, treated equally and impartially, are also questions which depend substantially upon analysis of the collective bargaining agreement. Thus, both the first element of Mr. Joy's claim and Kaiser's defense to it require interpretation of the collective bargaining agreement. Had Mr. Joy chosen to continue the contracts with the carriers and then been discharged, the same questions would arise as to proper cause for doing so under article 11 of the collec-

tive bargaining agreement. For these reasons we hold the collective bargaining agreement is inextricably intertwined with Mr. Joy's tort claim. Preemption under section 301 of the LMRA applies.

The trial court's dismissal for lack of subject matter jurisdiction is affirmed.

GREEN, C.J., and THOMPSON, J., concur.