**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| RANDOLPH PETERSON, qui tam as Relator; TRI-CITY RAILROAD COMPANY LLC, a Washington limited liability company; as a Washington corporation and as relator,<br><br>    Plaintiffs-Appellants,<br><br> and<br><br>UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>PORT OF BENTON COUNTY, a Washington State Municipal Entity; SCOTT KELLER, individually and as Executive Director of Port of Benton, PETER ROGALSKY, individually and as Public Works Director of the City of Richland; CITY OF RICHLAND, a Washington State Municipal entity,<br><br>    Defendants - Appellees,<br><br> and | No.    20-35004<br><br>D.C. No. 2:17-cv-00191-TOR<br><br><br>MEMORANDUM[*] |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ROBERT LARSON, individually and as Commissioner of Port of Benton; ROY KECK, individually and as Commissioner of Port of Benton; JANE HAGERTY, individually and as Commissioner of the Port of Benton,

Defendants.

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted March 2, 2021
Seattle, Washington

Before: RAWLINSON and BYBEE, Circuit Judges, and MOSKOWITZ,[**] District Judge.

This case arises from an action filed by Plaintiffs-Appellants Tri-City Railroad Company, LLC (TCRY), and Randolph Peterson, TCRY's president (collectively Plaintiffs), against Defendant-Appellee Port of Benton (Port) and Defendant-Appellee City of Richland (Richland). Plaintiffs pursued claims pursuant to 42 U.S.C. § 1983 for violations of the First Amendment against both Defendants. Plaintiffs also filed an action against Port under the False Claims Act (FCA), and a tortious interference claim against Richland. Plaintiffs appeal the grant of summary judgment in favor of Defendants and the award of attorney's

_____

[**] The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

2

fees to Port under the FCA. Reviewing the grant of summary judgment *de novo* and the award of attorney's fees for an abuse of discretion, we affirm. *See Cates v. Stroud*, 976 F.3d 972, 978 (9th Cir. 2020) (summary judgment); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1063 (9th Cir. 2011) (attorney's fees).

1.      Plaintiffs failed to raise a material issue of fact on their § 1983 claim against Richland alleging retaliation for exercising First Amendment rights. *See Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 753 (9th Cir. 2001), *as amended* (requiring the existence of "a genuine issue of material fact" to avoid summary judgment). Plaintiffs proffered no persuasive evidence that termination of TCRY's agreement was motivated by the filing of the Surface Transportation Board (STB) action. *See Sampson v. Cnty. of Los Angeles by & through Los Angeles Cty. Dep't of Child. & Family Servs.*, 974 F.3d 1012, 1019 (9th Cir. 2020) (requiring a showing of "retaliatory animus") (citation and internal quotation marks omitted). Timing alone did not establish the requisite connection because the complained-of conduct took place over two years after TCRY petitioned the STB. *See Keyser*, 265 F.3d at 752 (describing "over two years" as "insufficient" proximity).

**2.**     Plaintiffs also failed to raise a material issue of fact on their § 1983 claim against Port alleging retaliation for exercising First Amendment rights, because Port's threat of legal action was not objectively baseless.  *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929, 940 (9th Cir. 2006) (so holding).

**3.**     Plaintiffs' FCA claim alleged that Port falsely represented to the Railroad Retirement Board (RRB) that "[n]othing of significance has changed since the RRB's 2001 determination."  However, the RRB reviewed the documents presented by Plaintiffs and concluded that any changes in conditions did not convert Port into a "covered employer" liable for railroad pensions and benefits.  *See* 45 U.S.C. § 231(a)(1); *see also Railroad Ventures, Inc.*, B.C.D. 00–47 at  4-5 (served Nov. 7, 2000).  Therefore, the district court correctly determined that Plaintiffs' FCA claim did not survive summary judgment.  *See United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 331-36 (9th Cir. 2017) (affirming grant of summary judgment when requirements of the FCA not met).

**4.**     Plaintiffs failed to raise a material issue of fact on their tortious interference claim against Richland.  Richland had an absolute right to insist that Union Pacific (UP) comply with its contractual obligations with Richland, even if that insistence caused UP to terminate its agreement with TCRY.  *See Joy v. Kaiser Aluminum & Chem. Corp.*, 816 P.2d 90, 92 (Wash. Ct. App. 1991).

**5.** An award of attorney's fees to the defendant is warranted under the FCA "if the defendant prevails and the court finds that the claim of the person bringing the action was clearly frivolous." 31 U.S.C. § 3730(d)(4). The district court did not abuse its discretion in determining that Plaintiffs' FCA claim was frivolous because the RRB agreed with Port that no substantial change had occurred. Consequently, Plaintiffs' claim of falsity lacked any merit.

**AFFIRMED.**[1]

---

[1] Because Plaintiffs failed to raise a material issue of fact on any of their claims, we need not decide whether Plaintiffs' damages experts were properly excluded. *See Immigration & Naturalization Serv. v. Bagamasbad*, 429 U.S. 24, 25 (1976) (explaining that courts are not generally required to decide issues that are "unnecessary to the results they reach").