[No. 35698. En Banc. September 20, 1962.]

DOMINIC MILLER *et al., Appellants,* v. ST. REGIS PAPER COMPANY, *Respondent.**

*Reported in 374 P. (2d) 675.

*Merle D. Cohn* (of *Cohn & Koch*), for appellants.

*Geer, Rickabaugh & Billett,* for respondent.

*Lee Olwell* (of *Olwell, Boyle & Hattrup*), amicus curiae.

HUNTER, J.—This appeal results from a grant of a petition for rehearing filed by Mrs. Ruth Miller, the plaintiff (appellant), an employee of the defendant (respondent). This court's departmental opinion, rendered upon the original appeal, appears in 159 Wash. Dec. 89, 366 P. (2d) 214 (1961). By that opinion, we dismissed the plaintiff's claim for personal injuries on the ground that the trial court was without jurisdiction because the matter came within the coverage of the workmen's compensation statute. The lack of jurisdiction was raised by this court on its own motion.

We have carefully considered the arguments of counsel and we are convinced that the departmental opinion is in error for the following reasons:

█ The record discloses that prior to this action the plaintiff filed a claim with the Department of Labor and Industries; it was rejected and a request for reconsideration was denied upon notice to all parties. No appeal was taken from the rejection. We said in *Prince v. Saginaw Logging Co.,* 197 Wash. 4, 84 P. (2d) 397 (1938), which was not brought to our attention at the departmental hearing, that the rejection of an industrial insurance claim on the ground that the workman was not in the course of his employment, from which no appeal is taken, is res judicata against the employer in a subsequent action by the workman. See, also, *Hammack v. Monroe Street Lbr. Co.,* 49 Wn. (2d) 581, 303 P. (2d) 1095 (1956); *Allied Stores Corp. v. Department of Labor & Industries, ante* p. 138, 372 P. (2d) 190 (1962). Therefore, the plantiff was entitled to prosecute her claim against the defendant employer in a civil action.

Furthermore, the departmental opinion erroneously applied to the instant case a 1961 statutory amendment which defines "course of employment." The new definition was determined to be a clarification of existing law rather than an extension of coverage by the act. However, an exami-

nation of proceedings in legislative committee on a bill similar to the 1961 amendment, of which we were not aware at the departmental hearing, convinces us that the 1961 legislature had in mind substantive law extending coverage to accidents on the job site and that it was not considering a clarification of the definition of "course of employment." See House Bill No. 413 and Minutes of Meetings of the Legislative Council's Subcommittee on Labor for July 17, 1959, November 16, 1959, and January 29, 1960. Therefore, we now review this case in light of the common law theories originally advanced by counsel on this appeal.

The plaintiff sustained a broken hip when she slipped and fell in the hallway of the defendant's building while she was on her way to punch a time clock to begin her morning work shift. In regard to the defendant's negligence, the plaintiff alleged the following: On the walkway, immediate to the stairway leading into the building, there existed a depressed area which accumulated water during rainy weather. Employees entering the building necessarily had to pass through the depression, which caused the hallway to become slippery with water. Although this slippery condition was brought to the attention of the defendant, it failed to take measures for the safety of its employees by either filling in the depression or otherwise correcting the slippery condition.

The defendant raised the affirmative defenses of contributory negligence and voluntary assumption of the risk. The trial court submitted to the jury the questions of negligence, contributory negligence and voluntary assumption of the risk. The jury returned a verdict in favor of the plaintiff and awarded her $10,000. However, upon the defendant's motion, the trial court granted a judgment notwithstanding the verdict in favor of the defendant, finding, as a matter of law, that the plaintiff voluntarily assumed the risk. The sole question presented by the parties on this appeal is whether there was sufficient evidence in the record from which the jury reasonably could have found that the plaintiff did not voluntarily assume the risk.

■ However, this case is controlled by the recent case of *Siragusa v. Swedish Hospital, ante* p. 310, 373 P. (2d) 767 (1962), wherein we held that the doctrine of assumption of risk, as applied to the area of master and servant law, no longer bars recovery of an employee for injuries resulting from his employer's negligence. The issue is whether the employee acted reasonably in exposing himself to a known dangerous condition created by his employer's negligence. If the exposure was unreasonable under the circumstances, the employee is barred from recovery by his contributory negligence.

■ The plaintiff in the instant case had entered upon her employer's premises and she was there solely for the purpose of commencing her daily work. Under these circumstances, we are of the opinion that the relationship of employer and employee existed between the parties to the extent that the defendant owed to the plaintiff the positive duty of furnishing her with a reasonably safe place in which to work. *Allen v. Chehalis Lbr. Co.*, 61 Wash. 159, 112 Pac. 338 (1910).

Since the jury passed upon the issues of negligence and contributory negligence and resolved them against the defendant, the judgment is reversed and the cause is remanded with directions to enter judgment in favor of the plaintiff in accordance with the jury's verdict. The defendant will bear the costs on this appeal.

ALL CONCUR.