[Nos. 5418–3–II; 5423–0–II; 5424–8–II. Division Two. July 20, 1982.]

*In the Matter of the Marriage of* PATRICIA K.
CORRIE, *Respondent, and* STEPHAN J.
CORRIE, *Appellant.*

*Gordon Jacobson,* for appellant.

*David Stobaugh,* for respondent.

PETRIE, J.—Stephan Corrie, a Virginia resident, appeals an order requiring him to return his minor daughter Gwendolyn (Gwen) to her mother, his former wife, no later than July 8, 1980. Patricia Tyndall (formerly Corrie), a Washington resident and Gwen's mother, was designated the custodial parent by the dissolution decree. At issue is the applicability of the Uniform Child Custody Jurisdiction Act (UCCJA), RCW 26.27, in a proceeding to enforce a custody decree. We find no error and affirm the judgment ordering return of Gwen to her mother. On Mr. Corrie's appeal from an order awarding attorney fees, we remand for further disposition.

In 1977, a consent decree of dissolution was entered on behalf of the Corries in the Superior Court for King County. They agreed, and the decree provided, that Mrs. Tyndall would have custody of the two younger daughters. The husband, Stephan Corrie, was granted liberal visitation rights. Mr. Corrie remarried and moved to Virginia. In June 1979 the two daughters, Stephanie and Gwen, visited their father for the summer. In August the parties agreed that the children would remain with Mr. Corrie in Virginia for the 1979–80 school year.

Although the intervening facts are in dispute, the record indicates that the girls were to return to Seattle on June 15, 1980. Only the elder daughter, Stephanie, returned. Gwen, then age 11, remained with her father in Virginia. At the same time, Mr. Corrie wrote his former wife and informed her that Gwen was happy living in Virginia and that he would be petitioning for legal custody of her. He requested Mrs. Tyndall's consent to the change in custody. She responded by initiating this proceeding.

Four days after Stephanie's return to Washington, Mrs. Tyndall filed a motion in the dissolution case in Superior

Court for King County directed to Mr. Corrie to show cause why he should not return Gwen to her, the custodial parent. Mr. Corrie then filed a change of custody petition in Virginia. Further, he requested in the King County case that the Washington court decline jurisdiction of the pending motion pursuant to the Uniform Child Custody Jurisdiction Act, RCW 26.27. The King County family court commissioner denied Mr. Corrie's request, granted Mrs. Tyndall's motion, and ordered Mr. Corrie to return Gwen.

Mr. Corrie's subsequent requests to stay the commissioner's order and to revise it were denied by the Superior Court on July 11, 1980. He appealed that order to this court. Next, upon Patricia's motion, the Superior Court entered a judgment on August 14 "against Stephan J. Corrie in the sum of $1,500 for Patricia K. Corrie's temporary attorney's fees in Washington *and Virginia*." (Italics ours.) Mr. Corrie appealed that order to this court.

Finally, Mr. Corrie filed a motion in superior court pursuant to CR 60(b) to vacate the July 11 order, based on evidence allegedly "not available at the prior hearing." That motion was denied on September 17, and Mr. Corrie has appealed it to this court. All appeals have been consolidated and transferred to this division.

Essentially, Mr. Corrie argues that King County Superior Court should have (1) refused to enter the order directing him to return Gwen to her mother because it lacked subject matter jurisdiction under UCCJA, RCW 26.27, and (2) deferred all further proceedings regarding Gwen's custody pending resolution of the modification proceedings by the Virginia courts. Alternatively, he contends the court should have declined jurisdiction under the doctrine of forum non conveniens, pursuant to RCW 26.27.070, or, at least, should have granted his motion for a continuance. He argues that, at a minimum, the Washington court should have notified Virginia of the proceedings in an effort to coordinate resolution of the child custody dispute. *See* RCW 26.27.060, .190–.220.

We are mindful of the UCCJA's purpose to minimize

competition between courts addressing custody disputes concerning children who are the subject of interstate tugs–of–war between their parents. *See* RCW 26.27.010. Subject matter jurisdiction guidelines are delineated; a court should not decide child custody matters either by initial or modification decrees unless it is the most appropriate forum. Forum determination is premised on the concept that the state with the most recent significant contacts with the child is best able to make a custody determination. *See* RCW 26.27.030; Uniform Child Custody Jurisdiction Act § 3, 9 U.L.A. 122–23 (1979); *see also* Comm'rs Notes, 9 U.L.A. at 123–25.

Despite the UCCJA's laudatory purposes, we cannot conclude that it precluded the King County Superior Court from ordering Mr. Corrie to return his daughter to Mrs. Tyndall as the parties had planned on June 15, 1980. We agree with Mrs. Tyndall that the uniform law, as enacted in RCW 26.27, does not purport to control the issues raised under the peculiar facts and posture of these appeals.

 Mrs. Tyndall petitioned the superior court *to enforce* the 1977 dissolution decree. The original custody determination had been made in 1977 and was incorporated in that decree. At no time did either party request the King County Superior Court to modify the decree entered 3 years earlier. The act's jurisdictional limitations have no application to Mrs. Tyndall's show cause motion nor to any of the subsequent proceedings directed at vacating the initial order for the daughter's return.

The following language limits the act's applicability:

RCW 26.27.030 Jurisdiction. (1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child *custody determination by initial or modification decree* if the conditions as set forth [below] are met:

(Italics ours.) As defined by the act, "custody determination" means a court decision, order or instruction "providing for the custody of a child, including visitation rights". RCW 26.27.020(2). If a proceeding is one for a *modification*

or an *original custody determination* of an "interstate child", the act specifies the appropriate state forum and outlines an interstate information system for coordination of proceedings. RCW 26.27.030, .060–.080, .160–.220.

However, the act's provisions relating to interstate communication and coordination of proceedings are not applicable to the show cause motion. Enforcement of a prior court order does not require an initial determination of custody or a modification of a prior custody decree. The original custody decree is valid until superseded by a validly entered and finalized custody modification order. RCW 26.27.120. No modification had been entered at the time this matter was heard. A court not only has the right, but it has the duty to make its decrees effective and prevent evasions thereof. *Goodsell v. Goodsell,* 38 Wn.2d 135, 138, 228 P.2d 155 (1951). The superior court entering the decree had the authority to enforce it, until such time as it was validly and effectively modified. RCW 26.09.260; *State ex rel. Jiminez v. Superior Court,* 24 Wn.2d 194, 163 P.2d 610 (1945).

To deprive a court of its authority to enforce its prior orders requires a clear legislative mandate. *Jiminez,* 24 Wn.2d at 205. If the Legislature had intended that the interstate jurisdiction and information systems be triggered by a "potential" custody conflict, the jurisdictional provisions would be broader in scope. We will not read into the statute matters which are not there nor modify a statute by unwarranted construction. *King Cy. v. Seattle,* 70 Wn.2d 988, 425 P.2d 887 (1967).

Our conclusion suggests an anomalous situation. If either party had, in Washington, petitioned for modification of the 1977 decree, even to the extent of seeking extension or clarification of visitation rights, the court would have been required to examine its jurisdictional basis and communicate with the Virginia court. RCW 26.27.030, .060. However, because neither party sought such modification, no examination of jurisdiction under RCW 26.27 was necessary. Therefore, absent any notice of an actual modification of

the dissolution decree, the court could proceed and enforce its own prior orders. We leave to the Legislature the issue of the extent, if any, to which RCW 26.27 should be expanded.

There is no error in the entry of the order requiring Mr. Corrie to return his daughter to his former wife. Further, we find no abuse of discretion in the court's subsequent refusal to vacate its order when Mr. Corrie submitted as "new evidence" a psychological report and other evidence concerning his daughter's adjustment to life in Virginia. That evidence would be more properly relevant in proceedings to modify custody than in proceedings to compel compliance with an existing decree.

■ Mr. Corrie also contests the trial court's award of attorney's fees on two grounds: (1) the court lacked personal jurisdiction to impose such fees on him, and (2) the award was made without a sufficient factual basis. The state's "long arm" statute provides for personal jurisdiction over any person for any cause of action arising out of "[l]iving in a marital relationship within this state notwithstanding subsequent departure from this state, as to all proceedings authorized by chapter 26.09 RCW, . . ." RCW 4.28.185(1)(f). Although Mr. Corrie was no longer a Washington resident, for purposes of enforcing the dissolution decree, personal jurisdiction was obtained.[1] *See In re Marriage of Myers,* 92 Wn.2d 113, 594 P.2d 902 (1979). The marriage dissolution act allows an award of reasonable costs and attorney's fees for "maintaining or defending any proceeding under this chapter", *i.e.,* RCW 26.09, after consideration of "the financial resources of both parties". RCW 26.09.140. Courts of this state, however, have no authority to award attorney's fees for maintaining or defending proceedings in another state. Because we have no basis in the

---

[1]The motion to show cause was served upon Mr. Corrie's counsel who had never withdrawn from the original dissolution action. Mr. Corrie was not personally served, hence, Mrs. Tyndall's motion to hold Mr. Corrie in contempt was denied.

record for determining how the attorney's fees were apportioned for services in each state, we remand for appropriate resolution of the amount of attorney's fees for services rendered in Superior Court in compelling enforcement of the 1977 decree.

Both parties request attorney's fees on appeal pursuant to RAP 18.1. The affidavits submitted to this court indicate that the parties' financial situations have changed considerably since entry of the original order. Due to the conflicting assertions of each party's ability to pay we remand to the trial court for resolution of this issue and entry of an appropriate order.

Finally, Mr. Corrie contends that the trial court should have granted his motion for continuance and should have communicated with the appropriate court in Virginia in which he filed his motion for modification. We have indicated that the UCCJA simply is not applicable to the issues raised by these appeals. Accordingly, there was no necessity for the courts of this state to have utilized that act's communication and coordination provisions. Furthermore, Mr. Corrie's motion for a continuance was based on the fact that custody modification proceedings had been commenced in Virginia and that, accordingly, Washington courts no longer had jurisdiction to compel enforcement of the 1977 dissolution decree. We find no abuse of discretion in the trial court's denial of these motions.

Judgment ordering Mr. Corrie to return his daughter Gwendolyn to Mrs. Tyndall is affirmed;[2] judgment awarding attorney's fees is remanded for disposition consistent

---

[2]A document purporting to be a final order of the Juvenile and Domestic Relations Court for the County of Fairfax, State of Virginia and dated March 2, 1981, has been attached to appellant's originally filed brief in this court. That document recites in part (1) that the 1977 dissolution decree entered in Washington has been "amended *de facto* by agreement of the parties" and (2) that "Gwendolyn Corrie's custody with her father be and hereby is reaffirmed." We pass no judgment upon the validity and effect of that document.

herewith; and the issue of attorney's fees on appeal is remanded for resolution by the trial court.

REED, C.J., and PETRICH, J., concur.