[No. 14580-4-II.   Division Two.   December 21, 1993.]

*In the Matter of the Marriage of* CLINTON E. ALDRICH, *Appellant, and* DEBRA R. ALDRICH, *Respondent.*

*P.L. Jackson* and *Louis J. Hoffer,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Lynette Weatherby-Teague, Assistant,* for respondent.

MORGAN, J. — Clinton E. Aldrich appeals from an order denying postdecree relief in a dissolution action. We affirm.

During their marriage, Clinton and Debra Aldrich had two children, Jolene and Jason. Jolene was born November 5, 1975, and Jason was born January 15, 1974.

In 1978, Mr. Aldrich petitioned for dissolution of marriage in the Clallam County Superior Court. The action was assigned cause number 25296.

On November 17, 1978, the court granted a decree of dissolution. It awarded custody of Jolene to Ms. Aldrich, and custody of Jason to Mr. Aldrich. It ordered that Mr. Aldrich support Jason and, in addition, make child support payments to Ms. Aldrich in the amount of $50 per month.

On July 20, 1979, the decree was modified by a stipulated order providing:

> WHEREAS Respondent was unemployed at the time of the dissolution of marriage and now has a greater earning capacity th[a]n she did at the time of the dissolution. Both parties now have adequate resources to support the one child in their respective custody. Respondent has incurred an obligation in the amount of Three Thousand Five Hundred ($3,500) and Petitioner has agreed to assume said obligation and
>
> WHEREAS, because Petitioner supports one child and because he has agreed to assume Respondent's obligation, Petitioner should not be required to pay child support.
>
> The parties therefore stipulate that Petitioner's payment of Respondent's debt taken together with the fact that he supports one child is an adequate change of circumstances to discharge Petitioner's one-half of the child support obligation.

Clerk's Papers, at 80.

In May 1989, Jason moved from Mr. Aldrich's home to Ms. Aldrich's home. In June 1989, Ms. Aldrich began receiving public assistance for both Jolene and Jason. In July 1989, the Department of Social and Health Services (DSHS) commenced administrative child support proceedings against Mr. Aldrich pursuant to RCW 74.20A.055. Aldrich requested a hearing, which was held before an administrative law judge on December 7, 1989. Aldrich argued that DSHS was bound by the stipulated order of modification entered July 20, 1979.[1] Disagreeing, the administrative law judge held that the 1979 stipulated order did not bind the State because it did not contemplate the present situation, in which both children were residing with the same parent. Aldrich was ordered to pay $626 per month in future support for both children, com-

---

[1] Aldrich also argued that he had been "wrongfully deprived" of his son within the meaning of WAC 388-11-065(3). However, he does not reiterate that contention on appeal.

mencing February 1990. He was also ordered to pay $4,486 in back support accruing between June 26, 1989, and January, 1990. He filed an administrative appeal, and on February 28, 1990, an administrative appeals judge affirmed.

On March 29, Aldrich filed for judicial review in the Clallam County Superior Court under cause number 90-2-00213-9. However, he did not serve his action until April 5. DSHS moved to dismiss for lack of timely service,[2] and a court commissioner granted the motion on August 14, 1990.

On October 18, 1990, Aldrich moved for an order to show cause in the original dissolution action, cause number 25296. He asked the court to set arrearages under the 1979 order, and to prohibit DSHS from collecting support amounts in excess of that order. He did not seek a new superior court order setting child support. *See* RCW 74.20A.055(7).

When the order to show cause was heard on December 7, 1990, the trial court ruled that DSHS had erred in setting child support administratively. It further ruled that Aldrich had lost his right to enforce the 1979 order when he failed to serve cause 90-2-00213-9 in a timely fashion, and that DSHS was entitled to collect the support owed under its administrative order. The court awarded DSHS $125 in attorney's fees "since the court is of the opinion that petitioner's motion is frivolous".[3]

Aldrich now appeals the trial court's order of December 7. He relies on RCW 74.20A.055(1), which provides:

> The secretary may, in the absence of a superior court order, serve on the responsible parent or parents a notice and finding of financial responsibility requiring a responsible parent or parents to appear and show cause in an adjudicative proceeding why the finding of responsibility and/or the amount thereof is incorrect . . ..

---

[2]DSHS relied on RCW 34.05.542(2), which provides:

"A petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order." *See also Seattle v. Public Empl. Relations Comm'n*, 116 Wn.2d 923, 809 P.2d 1377 (1991).

[3]Clerk's Papers, at 6.

According to Aldrich, this statute shows "that the legislature delegated administrative authority to rule on child support matters only when there exists no Superior Court order already in [e]ffect."[4] Based on this premise, he says there has been a court order in effect at all times since July 20, 1979; that DSHS had no authority to act administratively in 1989 and 1990; and that the Superior Court erred when it refused to order DSHS to base child support on the 1979 court order.

We first address whether a court order was in existence during the administrative proceedings that took place in 1989. The administrative hearing judge reasoned:

> The [1979 stipulated] order . . . provides that the Appellant and his ex-wife are to each have legal custody of one of their children. These are the circumstances contemplated by the court when the order providing that the Appellant had no support obligation was entered. The circumstances have changed since that time, namely the children are now both in the physical custody of their mother. These are circumstances not contemplated by the court. Since the order is silent regarding what the Appellant's support obligation would be if both children were in the physical custody of their mother we conclude that there is no "Superior Court Order" as that term is defined in RCW 74.20A.020(5) and assert jurisdiction to establish the Appellant's support obligation administratively.

Clerk's Papers, at 30-31. The administrative appellate judge similarly reasoned:

> The [1979] Stipulation, . . . cannot be read to prevent the Department from collecting support on either child's behalf once custody has changed. . . . The ALJ correctly held that the Stipulated Order was silent as to the Appellant's duty to pay support for his son when he was no longer living with the Appellant . . ..

Clerk's Papers, at 13.

■ This reasoning is erroneous. A superior court child support order is binding and effective until modified, regardless of any change in the parties' circumstances. RCW 26.09.170 (superior court support order generally modifiable only as to installments accruing subsequent to petition for modification,

---

[4]Brief of Appellant, at 6.

even though change of circumstances may have occurred earlier); *In re Marriage of Oblizalo,* 54 Wn. App. 800, 803-04, 776 P.2d 166 (1989); *In re Marriage of Corrie,* 32 Wn. App. 592, 596, 648 P.2d 501 (1982); *see State ex rel. Jiminez v. Superior Court,* 24 Wn.2d 194, 205, 163 P.2d 610 (1945). Thus, it cannot be said "that there is no 'Superior Court Order' " merely because circumstances have changed since a court order was issued. We conclude that the 1979 court order was in effect during the administrative proceedings in this case.[5]

■ ■ We next address whether the 1979 court order deprived DSHS of authority to proceed administratively. "[A]dministrative agencies, being 'creatures of statute', possess only such powers and authority as are expressly granted by statute or necessarily implied therein." *Taylor v. Morris,* 88 Wn.2d 586, 588, 564 P.2d 795 (1977); *see also McGovern v. Department of Social & Health Servs.,* 94 Wn.2d 448, 450, 617 P.2d 434 (1980); *Burlington Northern, Inc. v. Johnston,* 89 Wn.2d 321, 326, 572 P.2d 1085 (1977); *McGuire v. State,* 58 Wn. App. 195, 198, 791 P.2d 929, *review denied,* 115 Wn.2d 1021 (1990), *cert. denied,* 499 U.S. 906 (1991); *Jaramillo v. Morris,* 50 Wn. App. 822, 829, 750 P.2d 1301, *review denied,* 110 Wn.2d 1040 (1988). Various statutes grant DSHS the power to enforce a parent's child support obligation judicially or administratively, regardless of the existence of a superior court order. RCW 74.20.040, .220, .330; RCW 74-.20A.030, .040, .055. One of these statutes provides that if a court order does not exist, DSHS can set support by administrative order. RCW 74.20A.055(1). Others provide that if a court order does exist, DSHS must compute support according to its provisions. RCW 74.20A.030(1), .040(1), (3)(a); WAC 388-14-100(1); *cf. Powers v. Department of Social & Health Servs.,* 32 Wn. App. 310, 317, 648 P.2d 439 (1982) (decided under differently worded statute). Read together, these statutes provide that a court order affects the amount

---

[5]The reasoning in this paragraph does not leave DSHS without a remedy when circumstances have changed since entry of a court order. At least two statutes authorize DSHS, when it has an appropriate interest, to ask the court to modify a child support order. RCW 74.20.220(3); RCW 26.09.170(7).

DSHS can collect, but not DSHS's power to act in the first instance.[6] Therefore, we hold that the 1979 court order did not deprive DSHS of authority to act in this case.

We next address whether DSHS erred in exercising its jurisdiction as it did. For reasons already discussed, DSHS must adhere to a court order when one exists, and the 1979 court order was in existence during the administrative proceedings in this case. Thus, DSHS erred when it failed to adhere to that order.[7]

Lastly, we address whether Aldrich can assert DSHS's error by motion to show cause filed in his original dissolution action. Res judicata applies to the quasi-judicial decision of an administrative tribunal as well as to the judicial decision of a court. *State v. Dupard,* 93 Wn.2d 268, 274, 609 P.2d 961 (1980); *Miller v. St. Regis Paper Co.,* 60 Wn.2d 484, 485, 374 P.2d 675 (1962); *Lejeune v. Clallam Cy.,* 64 Wn. App. 257, 265, 823 P.2d 1144, *review denied,* 119 Wn.2d 1005 (1992). It operates at such time as the decision in question becomes final. *Columbia Rentals, Inc. v. State,* 89 Wn.2d 819, 821, 576 P.2d 62 (1978); *Lejeune,* 64 Wn. App. at 265. When it operates, it precludes relitigation by collateral attack, *Mellor v. Chamberlin,* 100 Wn.2d 643, 645, 673 P.2d 610 (1983), and generally speaking, a motion filed in a different action constitutes a collateral attack. *Philbrick v. Parr,* 47 Wn.2d 505, 509, 288 P.2d 246 (1955) (quoting *Thompson v. Short,* 6 Wn.2d 71, 106 P.2d 720 (1940)).

In this case, DSHS's administrative order was quasi judicial. *See* RCW 74.20A.055(1) (proceeding brought under statute is "adjudicative"). It became final when Aldrich failed to properly appeal it within 30 days. RCW 74.20A.055; RCW

---

[6]These holdings are consistent with WAC 388-11-065(1), which characterizes the existence of a superior court order as an affirmative defense. Although an affirmative defense affects the amount of liability to be imposed, it does not prevent an otherwise authorized tribunal from exercising jurisdiction.

[7]As observed in a previous footnote, DSHS had the authority to ask the court to modify the 1979 order. RCW 74.20.220(3). As far as the record shows, it never did.

34.05.542(2). It has been res judicata ever since, and Aldrich cannot now collaterally attack it by motion filed in a different cause of action. Thus, the trial court did not err when it denied the relief Aldrich sought.[8]

Although Aldrich has not prevailed, we decline to characterize his action as frivolous. Thus, we vacate the award of attorney's fees insofar as it was made on that basis.

Affirmed, except as to the award of attorney's fees.

SEINFELD, A.C.J., and PETERSON, J. Pro Tem., concur.

Reconsideration denied January 28, 1994.

---

[8]Nothing said herein should be taken to mean that Aldrich was not entitled to seek a new superior court child support order that would have superseded DSHS's administrative order on a prospective basis. *See* RCW 74.20A.055(7). Nor should anything said herein be taken to mean that Aldrich could not have obtained administrative modification of DSHS's order upon showing a substantial change in circumstances. *See* RCW 74.20A.059(1)(b). Neither of these matters is in issue here, for the only relief Aldrich sought was enforcement of the 1979 court order.