[No. 24677-9-III.   Division Three.   January 30, 2007.]

ROBIN L. BROWN, *Appellant*, v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent*.

*John Montgomery* (of *Waldo Schweda & Montgomery, PS*), for appellant.

*Robert M. McKenna, Attorney General*, and *Nicole T. Koyama, Cheryl L. Wolfe*, and *Lianne S. Malloy, Assistants*, for respondent.

¶1 SWEENEY, C.J. — The executive branch of state government, here represented by the Department of Social and Health Services (Department), may not intrude upon the prerogatives of the judicial branch of state government, here represented by the Spokane County Superior Court. So when a superior court judge imposes a support obligation, the Department has no jurisdiction to alter, amend, or add to that obligation or change the court's express refusal to impose a support obligation. But here the court's order neither imposed upon nor relieved the responsible parent from any support obligation. And so the Department did not overstep its jurisdiction by concluding that the mother was obligated to pay support for her son after the son moved in with his father. We, then, affirm the trial court's decision to that effect.

## FACTS

¶2 Robin Brown and Jack Fowler, Jr., divorced in December 2003. They had three children: Calista, Carmen, and Jack Fowler.[1] Carmen and Jack were minors at the time of the divorce.

¶3 The court entered a parenting plan and order of child support. The children all resided with their mother, Ms. Brown. The order required the father to pay $805 per month to Ms. Brown. It was silent on the mother's financial obligation if custody changed to the father. Jack moved in with his father nine months later. The court entered a modified parenting plan. It stated that Jack resided with

---

[1] The children all share the same surname. So their first names will be used to identify them for clarity purposes.

his father by agreement of the parties. It did not alter or amend the previous child support obligation.

¶4 Mr. Fowler applied to the Department, Division of Child Support, for child support from Ms. Brown. Mr. Fowler and Ms. Brown stipulated that Carmen would not be included in the calculation because she had turned 18. They agreed on their respective incomes and the amount of Ms. Brown's child support obligation. But they disagreed on when her payment should begin.

¶5 The administrative law judge set the support obligation to begin on November 1, 2004. Ms. Brown petitioned the superior court for review. The superior court affirmed the decision.

## DISCUSSION

¶6 Ms. Brown argues that the superior court determined the question of child support and so the Department had no jurisdiction to decide the matter again. She relies on *In re Marriage of Aldrich*[2] for the proposition that once the courts assert jurisdiction on these questions of support, the Department cannot.

¶7 The Department concedes the viability of *Aldrich* but argues that it simply does not apply here because the superior court order in this case neither imposes nor relieves Ms. Brown of any support obligation. And, accordingly, the Department's order does not intrude upon any superior court prerogative.

¶8 We review questions of jurisdiction de novo. *Joy v. Kaiser Aluminum & Chem. Corp.*, 62 Wn. App. 909, 911, 816 P.2d 90 (1991).

¶9 Parents must support their children based on their respective incomes, resources, and standard of living. RCW 26.19.001. And there are two basic forums for deciding the question of support: the courts and the Department. RCW 26.09.100, 74.20A.055. But administrative

---

[2] 72 Wn. App. 132, 864 P.2d 388 (1993).

agencies have only those powers and authorities expressly given by statute or necessarily implied. *Aldrich*, 72 Wn. App. at 137.

¶10 The Department may, "if there is no order that establishes the responsible parent's support obligation or specifically relieves the responsible parent of a support obligation . . . , serve on the responsible parent or parents and custodial parent a notice and finding of financial responsibility." RCW 74.20A.055(1).

¶11 This statute applies here. *Aldrich* is distinguishable. RCW 74.20A.055(1) authorizes the Department to establish a responsible parent and impose a child support obligation. And no superior court order imposed or relieved Ms. Brown of a support obligation. The order Ms. Brown relies on was silent on the question of support obligations in the event of a change of circumstance.

¶12 Unlike this case, the administrative decision in *Aldrich* contradicted the superior court's order. *Aldrich*, 72 Wn. App. at 138. The court order there discharged the father from paying child support. *Id.* at 134 (" '[Mr. Aldrich] should not be required to pay child support.' " (quoting Clerk's Papers at 80)). Nonetheless, the Department ordered the father to pay child support. *Id.* at 134-35. Unlike the Department's decision in *Aldrich*, the superior court's order was never contradicted here.

¶13 Our conclusion also furthers the important legislative objective that "this chapter be construed and administered to the end that children shall be maintained from the resources of responsible parents." RCW 74.20A.010.

¶14 We affirm the superior court decision that affirmed the Department's order imposing child support.

BROWN and KATO, JJ., concur.