# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| IN RE THE PROBATE ESTATE | DIVISION ONE |
| OF | No. 69175-9-I |
| ERNEST A. HOWISEY, | UNPUBLISHED OPINION |
| Deceased. | FILED: January 27, 2014 |

DWYER, J. – For the second time, Carol Carnahan appeals from probate proceedings involving the estate of her father, Ernest A. Howisey. Because the law of the case doctrine precludes consideration of her challenge to the same judgment at issue in the first appeal, and her remaining arguments are without merit, we affirm.

I

In 2008, Carnahan entered into a settlement agreement pursuant to CR 2A and the Trust and Estate Dispute Resolution Act, chapter 11.96A RCW. Under the terms of the agreement, which resolved a dispute over Howisey's will, respondents Marilyn Jensen and Anne Sinnett (Jensen/Sinnett) received $200,000 as their share of the estate, and the trial court appointed Carnahan successor personal representative (PR).

The estate paid Jensen/Sinnett $100,000 shortly after the settlement and executed a promissory note for the remaining $100,000, due upon sale of Howisey's house or within one year, whichever occurred earlier. The estate distributed the net proceeds to Jensen/Sinnett after the sale of the house, leaving approximately $29,000 of the note unpaid.

In November 2009, Jensen/Sinnett filed a petition for judgment on the note against Carnahan personally and in her capacity as PR for the unpaid balance. They also asked the court to remove Carnahan as PR.

On March 12, 2010, following a three-day trial, the trial court entered extensive findings of fact, conclusions of law, and a judgment in favor of Jensen/Sinnett. The court concluded that Jensen/Sinnett were creditors of the estate and therefore entitled to payment before any distribution of property to the heirs. The court determined that both the estate and Carnahan personally were liable for the remaining balance on the promissory note and removed Carnahan as PR. The court also directed Craig Coombs, the new successor PR, to sell the estate's interest in family property located near Beaver Lake (Beaver Lake property).

Carnahan appealed. This court affirmed, concluding that substantial evidence supported all of the material findings of fact and that the trial court did not err in determining that Jensen/Sinnett were estate creditors or that Carnahan was personally liable for the unpaid portion of the promissory note. In re Estate of Howisey, noted at 162 Wn. App. 1038 (2011) (Howisey I).

The PR eventually sold the Beaver Lake property, but the proceeds were insufficient to pay all of the administrative expenses or provide for a distribution to the heirs. The trial court closed the estate by order entered on June 29, 2012.

Carnahan appeals once more, challenging the trial court's order closing the estate and several earlier orders. Among other things, she asks this court to vacate the March 12, 2010 judgment entered against her, direct Jensen/Sinnett to return $175,000 to the estate for the payment of administrative expenses and distribution to certain heirs, and "honorably discharge[]" her as successor PR.

II

Carnahan's current appeal is devoted almost exclusively to allegations of error involving the trial court's March 12, 2010 judgment that she chose not to raise in Howisey I. Among other things, she asserts that substantial evidence failed to support numerous previously unchallenged findings of fact, that the trial court's entry of "unusual numbers" of unsupported findings of fact demonstrated violations of the Code of Judicial Conduct and the trial court's bias, and that the trial court erred in removing her as successor PR. Although Carnahan has assigned error to several trial court decisions entered after our decision in Howisey I, her arguments on those issues rest primarily on the same alleged errors in the March 12, 2010 judgment.

Carnahan concedes that her second attempt to challenge the March 12, 2010 judgment implicates both the "law of the case" doctrine and res judicata.

No. 69175-9-I/4

Under the law of the case doctrine, an appellate court will generally refuse to consider issues that were decided—or could have been decided if raised—in a prior appeal. See Folsom v. County of Spokane, 111 Wn.2d 256, 263-64, 759 P.2d 1196 (1988); RAP 2.5(c)(2). Res judicata bars the relitigation of claims and issues that were litigated or could have been litigated in a prior action. Loveridge v. Fred Meyer, Inc., 125 Wn.2d 759, 763, 887 P.2d 898 (1995); see also In re Marriage of Aldrich, 72 Wn. App. 132, 138, 864 P.2d 388 (1993) (res judicata operates to preclude collateral attack on a final decision). Both doctrines serve the goal of avoiding the indefinite relitigation of the same issue and ensuring the finality of judgments. See Spokane Research & Def. Fund v. City of Spokane, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005); State v. Harrison, 148 Wn.2d 550, 562, 61 P.3d 1104 (2003).

Carnahan contends that the law of the case and res judicata doctrines do not apply to her second appeal because the trial court's order approving the personal representative's final report and closing the estate "didn't finalize the original [March 12, 2010] ruling; it super[s]eded it in every respect." As a result, Carnahan concludes, "findings of fact that were verities from the first appeal come out of retirement for the second appeal, except those findings that were considered in the first appeal and are now res judicata." Carnahan cites no authority or coherent legal theory to support this novel claim, and we decline to consider it further. See Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779

-4-

P.2d 249 (1989) (appellate court will decline to consider issues unsupported by cogent legal argument and citation to relevant authority).

An appellate court has discretion to revisit a prior appeal if "the prior decision is clearly erroneous, and the erroneous decision would work a manifest injustice to one party." Roberson v. Perez, 156 Wn.2d 33, 42, 123 P.3d 844 (2005). But Carnahan makes no showing that would justify present consideration of this exception to the law of the case doctrine.

Carnahan's current challenge to the March 12, 2010 judgment rests on highly argumentative accounts of her actions and the actions of others during probate proceedings and on conclusory allegations about her intent as successor personal representative, the intent of the opposing parties, and the intent of the trial judge. But she has not provided relevant citations to the record to support the majority of her factual assertions.

The Rules of Appellate Procedure require parties to include a "fair statement" of the relevant facts in their briefs, with "[r]eference to the record . . . for each factual statement." RAP 10.3(a)(5); see also RAP 10.3(a)(6) (arguments in briefs must include "references to relevant parts of the record"). Carnahan's failure to identify the evidence in the record supporting many of her factual allegations precludes any meaningful review of the alleged errors. An appellate court has no obligation to search the record for evidence supporting a party's arguments. See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 819, 828 P.2d 549 (1992).

Under the circumstances, Carnahan has not demonstrated any basis that would warrant revisiting our decision in Howisey I. We therefore decline to consider her challenges to the March 12, 2010 trial court judgment, including the sufficiency of the evidence to support previously unchallenged findings of fact, the trial court's alleged bias based on those findings of fact, Carnahan's dismissal as successor PR, and the entry of judgment in favor of Jensen/Sinnett.

III

Carnahan has raised two additional issues that arguably arise out of trial court decisions entered after March 12, 2010. Neither issue has merit.

Carnahan challenges the trial court's procedure in selling the Beaver Lake property, although the precise nature of the alleged error is unclear. The Beaver Lake property was located among a group of other lots, all owned by Howisey family members and the Howisey Family Beaver Lake Community Club for many years. Family buy/sell agreements limited the potential sale of the properties on the open market. The estate's parcel was a relatively narrow, undivided portion of a larger lot.

In its March 12, 2010 judgment, the trial court directed the new successor PR to sell the property in a private sale to any interested Howisey family member for a minimum bid of $105,000. Carnahan claims that the trial court erred by setting the minimum price at an unrealistically high amount and by waiving the

requirement of an appraisal for a court-ordered private sale under RCW 11.56.090.

But these arguments rest on the alleged lack of substantial evidence to support the trial court's findings of fact on the Beaver Lake property. The law of the case doctrine precludes our consideration of those arguments. Moreover, after the Beaver Lake property did not sell at the initial price, the trial court considered two appraisals for $50,000 and $30,000. Those appraisals did not take into account the legal restraints on the sale of the property. One Howisey family member eventually offered about $20,000 for the property. At a hearing on March 9, 2012, Carnahan expressly agreed with the trial court's decision to sell the property for the bid amount. Carnahan fails to demonstrate any reversible error in the order approving the sale of the Beaver Lake property.

IV

Carnahan contends that the trial court erred in denying her motion to modify or to delete Finding of Fact 27 and Conclusion of Law 15 in the March 12, 2010 judgment. Carnahan filed her motion on June 15, 2012, apparently in response to the successor PR's petition for an order approving the final report and closing the insolvent estate.

Finding of Fact 27 provided that Carnahan "caused financial harm to the estate by not wrapping up the estate in a timely and efficient manner." Conclusion of Law 15 provided that Carnahan "has been unable or unwilling to

sell the Beaver Lake property to satisfy the balance of the amounts owing by this estate." Carnahan essentially argued that subsequent events placed her actions as successor PR in a more favorable light.

To the extent that Carnahan was attempting to amend or alter the March 12, 2010 judgment, her motion was untimely. See CR 59(h) (motion to alter or amend judgment must be filed within 10 days after entry). To the extent that Carnahan was seeking to vacate the judgment on the basis of newly discovered evidence, her motion failed to address, much less satisfy, the requirements of CR 60(b)(3), and was, in any event, untimely. See CR 60(b) (CR 60(b)(3) motion must be filed within one year after entry of judgment). The trial court did not abuse its discretion in denying Carnahan's motion.

V

Respondents Jensen/Sinnett and Craig Coombs, successor PR, have requested an award of attorney fees on appeal. See RAP 18.1(a). In Howisey I, this court awarded attorney fees on appeal under RCW 11.96A.150 (courts have broad discretion to award attorney fees in proceedings involving decedents' estates). Because Carnahan's current appeal is devoted primarily to challenging the same judgment at issue in Howisey I, an award under RCW 11.96A.150 is appropriate. A commissioner of our court will enter an appropriate order awarding attorney fees, subject to compliance with RAP 18.1(d).

Affirmed.

We concur: