# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| AUSTIN FERGUSON,<br><br>        Respondent,<br><br>        v.<br><br>OFFICE OF ADMINISTRATIVE HEARINGS/DIVISION OF CHILD SUPPORT,<br><br>        Appellant,<br><br>JAMIE STUBBS<br><br>        Defendant. | No. 85327-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — After the Office of Administrative Hearings (OAH), for the Department of Social and Health Services, Division of Child Support (DSHS), sought to administratively establish a child support obligation to be paid by Austin Ferguson, Ferguson filed this petition under the Administrative Procedure Act (APA), chapter 34.05 RCW, arguing that DSHS lacked statutory authority to initiate the administrative proceeding. The superior court agreed, dismissed the proceeding, and awarded Ferguson attorney fees under the equal access to justice act (EAJA), RCW 4.84.350. Because DSHS had authority to initiate the administrative proceeding and Ferguson failed to exhaust his administrative remedies, we reverse the dismissal and award of attorney fees and remand to DSHS for further proceedings.

I

Ferguson and Jaime Stubbs are the parents of A.F. On April 1, 2011, the superior court entered a parenting plan and a child support order. The parenting plan ordered that A.F. reside with Ferguson a majority of the time. The child support order required Stubbs to pay Ferguson $222.77 a month. On March 29, 2013, the superior court modified the 2011 parenting plan and ordered that A.F. reside an equal amount of time with each parent. The court revised the child support order, set Stubbs's child support obligation at $0.00, and entered a finding that "[n]o transfer is necessary as both households have ample resources and the child is spending near equal time with each parent by agreement of the parties."

In January 2022, Stubbs received Temporary Assistance for Needy Families (TANF) benefits. Stubbs stated she informed a DSHS representative that she had A.F. with her more than 50 percent of the time, even though the parenting plan outlined an equal time residential schedule. Application for or receipt of TANF benefits authorizes DSHS to provide full support enforcement services. WAC 388-14A-2005(1).

On March 5, 2022, DSHS served Ferguson a notice and finding of financial responsibility, seeking to establish a monthly child support obligation for A.F. The notice stated, "If you disagree with this notice, you must object and / or ask for a hearing." Ferguson requested a hearing, asserting the notice "falsely labels [Stubbs] as the 'custodial parent' when she has never, in any court documents or parenting plan, been designated as such." Ferguson contended the order "violate[d] and contradict[ed] the previous rulings naming ME as the custodian. . . .

It also is in contradiction to the support order stating $0 transfer payments and that [Stubbs] was the 'Obligor' on that order." OAH set a hearing date of June 8, 2022.

Ferguson, now represented by counsel, moved to continue the hearing, asserting DSHS lacked jurisdiction to set a support obligation. On July 14, 2022, Ferguson presented a "Motion to Dismiss" to OAH, arguing the notice and findings of financial responsibility should not have been issued because there was an existing child support order and parenting plan that designated Ferguson the custodial parent. Ferguson sought fees and sanctions claiming Stubbs provided "false information" to DSHS and DSHS proceeded even after learning of the superior court orders.

On August 2, 2022, an administrative law judge entered an order denying Ferguson's motion because "the 2013 order did not obligate or specifically relieve [Ferguson] from paying child support." This language followed RCW 74.20A.055(1), which authorizes DSHS to serve a notice to show cause to establish a support obligation "if there is no order that establishes a person's support obligation or specifically relieves the person required to pay support of a support obligation." The order continued, "Thus, the primary issue is whether [Ferguson] is a noncustodial parent. If so, [DSHS] must pursue child support." The order reasoned that the determination of whether Ferguson was a noncustodial parent for purposes of DSHS's recovery of child support was not controlled by the parenting plan designation, but by a factual determination of A.F.'s actual residential status under WAC 388-14A-1020. The order directed that

a hearing be set to determine the residential status of A.F. OAH issued a notice setting the hearing on September 12, 2022.

On August 22, 2022, Ferguson petitioned for judicial review of the order denying his motion to dismiss. Ferguson argued he was entitled to relief under the APA, and argued he was not required to exhaust administrative remedies because "[t]here were no remedies available in the administrative forum to correct the agencies' improper assertion of jurisdiction and refusal to follow the existing superior court orders." In its response, DSHS argued that judicial review was premature because there was no final order for the superior court to review. On Ferguson's motion, OAH stayed its proceedings.

The superior court ruled that DSHS "acted contrary to statutory authority, its own regulations, and to case law" because the "only clear reading of [the 2013 parenting plan and child support order] is that . . . neither party has an obligation to the other in light of the fact that they had agreed at that time, and the court had ordered, . . . that resources were . . . substantial on both sides." The superior court stated, "In the alternative, I'm finding if [DSHS] has jurisdiction, . . . any requirement rather of exhaustion [of] Administrative remedies would be futile" because DSHS "acted . . . contrary to its own Administrative rules, not to mention the statute under which those rules were promulgated, as well as the case law interpreting our system of parental and child support." The superior court dismissed the administrative proceeding and awarded Ferguson attorney fees and costs. The superior court denied reconsideration. DSHS appeals.

4

II

RCW 74.20A.055(1) provides that DSHS may, "if there is no order that establishes a person's support obligation or specifically relieves the person required to pay support of a support obligation . . . serve on the person . . . a notice and finding of financial responsibility." If a child support order does exist, DSHS must compute child support according to its provisions. RCW 74.20A.030(1); RCW 74.20A.040(1), (3)(a). "Read together, these statutes provide that a court order affects the amount DSHS can collect, but not DSHS's power to act in the first instance." In re Marriage of Aldrich, 72 Wn. App. 132, 137-38, 864 P.2d 388 (1993).

In Aldrich, each parent was given custody of one child, and the father was ordered to make child support payments to the mother. Id. at 134. The order was later modified to eliminate the father's support obligation, stating, "The parties . . . stipulate that [the father's] payment of [the mother's] debt taken together with the fact that he supports one child is an adequate change of circumstances to discharge [the father's] one-half of the child support obligation." Id. Ten years later, both children were living with the mother and she began receiving public assistance. Id. DSHS commenced an administrative child support proceeding against the father. Id. The father requested a hearing, arguing DSHS was bound by the stipulated order of modification entered by the superior court. Id. The administrative law judge held that the order did not bind DSHS because it did not contemplate the present situation. Id. We held the previous court order "did not deprive DSHS of authority to act." Id. at 138. We separately held DSHS erred in

its decision because it failed to adhere to the superior court order.  Id.  Aldrich was decided under former RCW 74.20A.055(1) (1989), but the changes do not affect this analysis.

In Brown v. Department of Social & Health Services, 136 Wn. App. 895, 898, 151 P.3d 235 (2007), we explained that DSHS may administratively establish a support obligation when a superior court order is silent on the obligated parent's responsibility.  There, the father was required to pay $805.00 in monthly child support to the mother where all the children resided with her.  Id. at 896.  The order "was silent on the mother's financial obligation if custody changed to the father." Id.  After one child moved in with the father, the court entered a modified parenting plan but did not alter or amend the previous child support obligation.  Id. at 896-97.  The father applied to DSHS for child support from the mother, and the mother appealed, arguing DSHS did not have authority to decide the matter because there was already a superior court order.  Id. at 897.  The mother relied on Aldrich "for the proposition that once the courts assert jurisdiction on these questions of support, [DSHS] cannot."  Id.  This argument mistook Aldrich's holding, because Aldrich held the existence of an order did not affect DSHS's authority to act.  72 Wn. App. at 137-38.  Consistent with this, Brown affirmed the agency action because there was no superior court order that imposed or relieved the mother of a support obligation.  136 Wn. App. at 898.

Under Aldrich, DSHS has statutory authority to act whether or not there is a superior court order.  72 Wn. App. at 137-38.  The question whether the superior court order in this case "establishes a person's support obligation or specifically

6

relieves the person required to pay support of a support obligation," is properly resolved at an administrative hearing and we therefore do not address it. RCW 74.20A.055(1). The existence of the superior court support order did not affect DSHS's authority to initiate proceedings against Ferguson.

III

Generally, a party must exhaust all available administrative remedies before seeking relief in superior court. Citizens for Mount Vernon v. City of Mount Vernon, 133 Wn.2d 861, 866, 947 P.2d 1208 (1997). A court may relieve a party from exhaustion if it is shown that the administrative remedies would be patently inadequate, the exhaustion of remedies would be futile, or that requiring exhaustion would cause grave, irreparable harm that would clearly outweigh the public policy requiring exhaustion. RCW 34.05.534(3). This court reviews de novo whether exhaustion of administrative remedies is required. Cost Mgmt. Servs., Inc. v. City of Lakewood, 178 Wn.2d 635, 641, 310 P.3d 804 (2013).

A court may excuse exhaustion of administrative remedies as futile when " 'the available administrative remedies are inadequate, or if they are vain and useless.' " Orion Corp. v. State, 103 Wn.2d 441, 458, 693 P.2d 1369 (1985) (quoting 4 R. Anderson, Zoning § 26.10 (2d ed. 1977)). Speculation cannot show futility. See Beard v. King County, 76 Wn. App. 863, 871, 889 P.2d 501 (1995) (plaintiffs could not ask the court to excuse their failure to apply for promotion based on speculation that decision maker was biased against them). Futility "goes beyond legal adequacy and addresses factual adequacy." Orion, 103 Wn.2d at 458. It may be satisfied, for instance, by a showing it is "quite evident" that

7

administrative agencies have "made a policy choice" to arrive at a particular conclusion, such as in Orion to block a development. Id. at 460. Only "rare circumstances" will allow a party to avoid available administrative remedies. Bellevue 120th Assocs. v. City of Bellevue, 65 Wn. App. 594, 598, 829 P.2d 182 (1992).

RCW 74.20A.055(1) allows DSHS to initiate an inquiry by a notice "to appear and show cause" why its determination of a support obligation is incorrect, should not be ordered, or should be modified. A person who objects to the notice and finding of financial responsibility may file an application for an adjudicative proceeding within 20 days, after which collection of the amount claimed to be owed is stayed pending the entry of a final administrative order. RCW 74.20A.055(4)(a). The notice and finding of financial responsibility that DSHS sent Ferguson was not a final determination of child support, but a notice to appear and show cause why the finding of responsibility was incorrect. Ferguson could have pursued and may still pursue a decision that he owes no support at an administrative hearing on the merits. The administrative law judge's denial of his motion to dismiss alone does not show futility. The administrative remedy was adequate, and Ferguson was not excused from exhausting administrative remedies.

We reverse the superior court's order and judgment dismissing the administrative proceeding. We further reverse the award of attorney fees. Under the EAJA, a court shall award the prevailing party reasonable attorney fees unless the court finds that the agency action was substantially justified. RCW 4.84.350(1). An award of attorney fees under EAJA is reviewed for abuse of discretion. Raven

8

v. Dep't of Soc. & Health Servs., 177 Wn.2d 804, 832, 306 P.3d 920 (2013). If a court's ruling is based on an erroneous view of the law, it is an abuse of discretion. In re Marriage of Herridge, 169 Wn. App. 290, 296-97, 279 P.3d 956 (2012). DSHS had authority to initiate the proceeding and afforded Ferguson a hearing on the merits in compliance with RCW 74.20A.055. Its actions were substantially justified and the award of attorney fees was based on an erroneous view of the law. Because Ferguson is not the prevailing party, we deny his request for attorney fees on appeal.

We reverse and remand to DSHS for further proceedings. Because we remand for a merits hearing, it is not necessary to reach merits issues at this time.

_Birk, J._

WE CONCUR:

_Smith, C.J._          _Mann, J._

9