[Nos. 44468, 44494, 44569.      En Banc.      May 26, 1977.]

JAMES V. TAYLOR, *Appellant,* v. CHARLES MORRIS, *as Secretary of the Department of Social and Health Services, Respondent.*

JOHN DOE, ET AL, *Petitioners,* v. MILTON BURDMAN, *as Secretary of the Department of Social and Health Services, Respondent.*

STEPHEN STOE, ET AL, *Petitioners,* v. MILTON BURDMAN, *as Secretary of the Department of Social and Health Services, Respondent.*

*Peter D. Francis,* for petitioner Doe.

*Linda L. Dawson* and *Patrick H. McIntyre,* for petitioner Roe.

*Lonnie Davis* and *Randy Beitel,* for petitioner Stoe, et al.

*Perkins, Coie, Stone, Olsen & Williams,* by *Richard Ottesen Prentke* and *Richard A. Klobucher,* for appellant.

*Slade Gorton, Attorney General,* and *Walter E. White, Assistant,* for respondent.

ROSELLINI, J.—In these consolidated cases, the court is asked to determine whether, under RCW 74.20A, the Department of Social and Health Services has the authority to determine administratively the question of paternity. In Taylor v. Morris, the alleged putative father appeals from a judgment of the Superior Court for King County holding that it had such authority. The other actions were initiated in this court (under RAP 16.2) to arrest administrative proceedings in which the Secretary of the Department of Social and Health Services sought to obtain reimbursement from the plaintiffs, as alleged natural parents of children receiving state support.

It is the contention of the appellant and the petitioners that the legislature has vested the power to make such determinations exclusively in the courts. The secretary has not suggested that RCW 74.20A confers upon the department the express authority to make findings upon the question of parentage. Rather, as we understand his position, he maintains that the power is necessarily implied in the act.

█ The rule is conceded to be that administrative agencies, being "creatures of statute", possess only such powers and authority as are expressly granted by statute or necessarily implied therein. *Ortblad v. State,* 85 Wn.2d 109, 530 P.2d 635 (1975).

RCW 74.20A was first enacted in 1971 and amended in 1973. Its preamble, contained in 72.20A.010, reveals its purpose. It reads:

> Common law and statutory procedures governing the remedies for enforcement of support for financially dependent minor children by responsible parents have not proven sufficiently effective or efficient to cope with the increasing incidence of financial dependency. The increasing workload of courts, prosecuting attorneys, and the attorney general has made such remedies uncertain, slow and inadequate, thereby resulting in a growing burden on the financial resources of the state, which is constrained to provide public assistance grants for basic maintenance requirements when parents fail to meet

their primary obligations. The state of Washington, therefore, exercising its police and sovereign power, *declares that the common law and statutory remedies pertaining to family desertion and nonsupport of minor dependent children shall be augmented by additional remedies directed to the real and personal property resources of the responsible parents.* In order to render resources more immediately available to meet the needs of minor children, it is the legislative intent that the remedies herein provided are in addition to, and not in lieu of, existing law. It is declared to be the public policy of this state that this chapter be construed and administered to the end that children shall be maintained from the resources of responsible parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through welfare programs.

(Italics ours.)

It will be seen that this provision focuses upon the need for additional remedies to aid in the collection of debts owed by responsible parents. A "responsible parent" is defined in RCW 74.20A.020 as the natural or adoptive parent of a dependent child.

In furtherance of the expressed purpose, RCW 74.20A-.030 provides that any payment of public assistance money made to or for the benefit of any dependent child creates a debt due the department by the natural or adoptive parent or parents who are responsible for support of such children. Provisos which follow regulate the department's power where court orders or agreements are involved, with respect to the amount owed by the parent. One of the provisos exempts parents who are themselves receiving public assistance.

RCW 74.20A.040 authorizes the secretary, where he is subrogated to or assigned a judgment created by a superior court order, to give notice of the department's claim and to enforce a lien against property of the debtor.

RCW 74.20A.050 provides that, in the absence of a superior court order, the secretary may issue a notice of a support debt accrued which shall be served upon the debtor. The contents of the notice, according to the statute, shall

590

include a statement of the amount owed, the name of the
recipient of the public assistance and the name of the child
for whom it is being paid, and a demand for immediate
payment or an answer within 20 days stating defenses to
liability under RCW 74.20A.030. If no answer is received
within 20 days, a collection warrant is authorized. The sec-
tion provides that if the debtor answers alleging defenses
under RCW 74.20A.030, he is entitled to a fair hearing
under RCW 74.08.070 and .090.[1]

RCW 74.20A.055 provides an alternative to the hearing
and appeal procedure provided in RCW 74.20A.050. It
authorizes the secretary,

> in the absence of a superior court order, [to] serve on the
> responsible parent a notice and finding of financial
> responsibility requiring a responsible parent to appear
> and show cause in a hearing held by the department why
> the finding of responsibility and/or the amount thereof is
> incorrect, should not be finally ordered, but should be
> rescinded or modified.

Provisions relating to the hearing and its effect follow. The
section provides that the "notice and finding of financial
responsibility" shall set forth the amounts claimed to be
owed and to be due in the future. It further provides:

> The notice and finding shall also include a statement of
> the name of the recipient or custodian and the name of
> the child or children for whom assistance is being paid or
> need is alleged; and/or a statement of the amount of
> periodic future support payments as to which financial
> responsibility is found.

It continues:

> The notice and finding shall include a statement that
> the responsible parent may object to all or any part of
> the notice and finding, request a hearing to show cause
> why said responsible parent should not be determined to
> be liable for any or all of the debt . . .

---

[1]These sections provide for a hearing before the director, a supervisor, or an
examiner, and authorize the department to make rules and regulations governing
such hearings.

If a hearing is requested, the hearing examiner is directed to determine the liability and responsibility, if any, of the alleged responsible parent under RCW 74.20A.030 and the amount of payments to be made to satisfy liability under RCW 74.20A.030 and/or 26.16.205 (liability of husband and wife for support of children). He is directed to consider the necessities and requirements of the child, the amount of support debt claimed, the legislative policy that children be supported by responsible parents, and the abilities and resources of the responsible parent. Further actions and proceedings are provided for in this section, but no reference is made to a determination of paternity.

The remaining sections of the act pertain to the enforcement of the lien of the department established in the above proceedings. Thirteen sections treat this matter in detail.

Reading these provisions together, it is apparent that the purpose of the legislature in enacting this statute was to provide additional and more effective procedures for reaching the earnings and the property of a responsible parent whose child is receiving public assistance, rather than to provide an additional procedure for determining the identity of a child's father when the child is born out of wedlock. Guidelines for determining the amount which a parent should pay are set forth in detail, but nothing is said of the procedure by which the department should determine the identity of the responsible parent. We can only conclude that the drafters assumed that such identity could be ascertained by reference to records—either marriage records, birth records, or court records, or in some cases, by reference to written agreements. (*See* RCW 74.20A.030.)

The statute, in prescribing the contents of notices to the alleged responsible parent, does not require a notice that the secretary has determined that the person to whom it is addressed is the parent of the child, although such a finding is implicit in the notice. More significantly, absence of the parental relationship is not set forth as an acceptable defense.

While hearings are provided for if the alleged responsible parent wishes to contest the debt, the only defenses provided in RCW 74.20A.050 are those which can be supported under RCW 74.20A.030. Defenses under that section pertain to the amount owed, not the fact of parental relationship.

Although matters to be considered by the hearing examiner are set forth in the statutes, nothing is said about a determination of the relationship of the alleged responsible parent to the child. The attention is focused upon the financial needs of the child, demands of the department, and the parent's ability to pay.

We do not believe that it was the intent of the legislature to deny to a person served with a notice under this statute the right to show that he is not the father of the child, even though no express provision is made for such a defense. Such a showing could be made under RCW 74.20A.055, which permits an alleged responsible parent to show cause why he should not be liable for any or all of the debt. But the grant of a right to contest liability (a right which due process would undoubtedly accord him in any event) does not imply a grant of authority to the department to determine, ex parte and sua sponte, a question of paternity.

As we have already observed, the legislative attention was focused upon the collection process, not the identification process, when it enacted this statute. The latter subject was dealt with in the filiation statute. Later, in 1975, the legislature treated the subject in great particularity when it enacted RCW 26.26, the Uniform Parentage Act. There was at all times in the statutes a means of establishing parental identity.

Thus, it cannot be said that a right to determine parentage is necessarily implied from the powers granted the department in RCW 74.20A.030. And, were we to find such an implication, we would have to find further that the act provides for implied rather than express notice to the alleged parent, and an implied rather than express right to a hearing upon the question. Since a finding of paternity

carries with it an imposition of financial responsibility, and in some communities a certain opprobrium, it should be readily perceived that such a pyramiding of implied powers and rights is something less than due process requires.

That the legislature has been cognizant of the seriousness of such a question as alleged paternity is manifested in the filiation statute, Laws of 1919, ch. 203, p. 709 (RCW 26.24), which was in effect when this act was passed. That statute provided in section 10, that an accused might be prosecuted in any criminal proceeding then or thereafter to be provided for by the laws of the state, relating to the support of minor children. In *State v. Russell,* 68 Wn.2d 748, 415 P.2d 503 (1966), we held that a putative father could be prosecuted under the nonsupport statute, RCW 26.20, and that the issue of paternity was determinable in such a prosecution.

The filiation statute was repealed and superseded when in 1975, the legislature enacted RCW 26.26. That is a civil statute providing for, *inter alia,* procedures to establish parentage, the reception of certain. kinds of evidence, the enforcement of judgments or orders, the protection of rights and interests of the putative father, and time limitations for the bringing of such an action. All these and many other aspects of the proceeding were deemed worthy of special attention by the legislature. Included in the statute are provisions authorizing the department to bring such actions and imposing a special limitation period. RCW 26.26.060.

As the appellant and petitioners point out, the assumption that the legislature intended to give the department an unrestricted and unregulated right to determine parentage, under RCW 74.20A, cannot rationally be reconciled with its express grant of a right to bring an action in court, within a limited time, under RCW 26.26.060. Rather, the reasonable inference to be drawn is that the legislature was aware that the department had no previously authorized means of establishing parentage where the fact of such parentage was not a matter of record, outside the criminal statutes.

The secretary suggests, however, that the Uniform Parentage Act itself recognizes his authority to determine parentage without resort to its procedures. He points to RCW 26.26.150, which states:

> If existence of the father and child relationship is declared, or paternity or a duty of support has been acknowledged or adjudicated under this chapter or under prior law, the obligation of the father may be enforced in the same or other proceedings by . . . the state of Washington, [and] the public authority that has furnished . . . support . . .

■■ The word "declare", the secretary says, must have reference to his right to make a determination in an administrative proceeding. If such a right could be found in the language of RCW 74.20A, it would be arguable perhaps that the word "declare" was intended to refer to that right, however subtle the reference might be. In the absence of any statutory provision conferring upon the secretary the authority to determine parentage, however, we think the word must be given the scope which its context indicates. RCW 26.26.060(1)(a) provides that an action may be brought at any time by a child, his natural mother, or a man presumed to be his father under RCW 26.26.040, for the purpose of *declaring* the existence of the father and child relationship presumed under RCW 26.26.040. This is obviously the declaration to which reference is made in RCW 26.26.150.

Since we have decided that RCW 74.20A does not confer upon the secretary the authority to adjudicate questions of parentage, we need not consider other attacks which the petitioners make upon his exercise of such authority.

The judgment of the Superior Court in Taylor v. Morris is reversed. In the other actions before the court, the writs

prayed for shall issue.

WRIGHT, C.J., and HAMILTON, STAFFORD, UTTER, BRACH-TENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.