[No. 22723-8-I. Division One. July 30, 1990.]

PATRICK W. BARSON, *Appellant*, v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent*.

*Patrick W. Barson*, pro se.

*Kenneth O. Eikenberry, Attorney General,* and *Cheryl McCleary, Assistant,* for respondent.

FORREST, J.—Patrick Barson appeals from the Superior Court's order dismissing his petition to review the decision of the administrative law judge (ALJ) for the Department of Social and Health Services (Department), which ordered Barson to pay an accrued child support obligation and to begin making monthly support payments. We affirm.

Cynthia and Patrick Barson dissolved their marriage on October 29, 1985. They had three children during the marriage. In the decree of dissolution, however, the following paragraph was crossed out:

> ORDERED, ADJUDGED AND DECREED that the Petitioner be awarded the sum of $125.00 per month, per child, as and for child support, commencing with October 15, 1985, and due and owing on the 15th day of every month thereafter, until each child reaches the age of majority, marries or dies, whichever occurs first;

On June 16, 1987, Cynthia applied for support enforcement services from the Department. On October 28, 1987, the Department sent Patrick a "Notice and Finding of Financial Responsibility", which recited his accrued support obligation and established future support payments. He objected and requested a hearing. The ALJ who conducted the hearing filed his "Findings of Fact, Conclusions of Law and Initial Decision and Order on Notice and Finding of Financial Responsibility" on January 6, 1988. The ALJ found Barson obligated to pay certain accrued and future support. On the last page of the document it stated:

> NOTICE TO PARTIES: This decision becomes final on the date of mailing unless within 30 days of mailing of this decision a petition for review is filed pursuant to WAC 388-11-105. There are petition for review forms and instructions enclosed.

Despite the instructions Barson received, he filed a notice of appeal with Snohomish County Superior Court.

On March 2, 1988, the Department filed and served Barson with a notice for motion calendar, a motion to dismiss petition for lack of jurisdiction and memorandum supporting the motion to dismiss. The Department argued that the court lacked jurisdiction since Barson had failed to exhaust his administrative remedies. The hearing on the motion was continued. On June 3, Barson and the Department were sent a letter advising them to contact the trial judge's clerk to arrange a time and date for hearing. On July 14, Barson filed a 9-page memorandum of authorities in opposition to the motion to dismiss.

The trial court heard the motion on July 15, 1988. Barson objected to the court's consideration of the Department's motion to dismiss. An order dismissing the petition was filed on July 15.

This appeal presents one primary issue: Did the trial court err in dismissing Barson's petition by reason of his failure to exhaust his administrative remedies? It is undisputed that he failed to do so after receiving written notice of his right to appeal and the appropriate forms to perfect an appeal to the review judge.[1]

The support enforcement proceedings here in issue are authorized by RCW 74.20A. Former RCW 74.20A.055(5) provides for an appeal from the decision of the ALJ and states:

> In the event no petition for review is made as provided in this subsection by any party, the initial decision and order of the administrative law judge is final as of the date of filing and becomes the decision and order of the secretary. *No appeal may be taken therefrom to the courts* and the debt created is subject to collection action as authorized by this chapter.

(Italics ours.)

---

[1]Barson's contention that he was misled by the ALJ's oral explanation of the appeal process is meritless. The record does not contain the ALJ's allegedly erroneous oral remarks. Even as stated in Barson's brief, the remarks show no error. Further, litigants are presumed to know the written laws of the state. *State ex rel. Lyle v. Superior Court,* 3 Wn.2d 702, 705, 102 P.2d 246 (1940).

Barson contends that the ALJ improperly interpreted the dissolution decree since such interpretation presents a question of law for the courts. The ALJ did not, however, interpret the decree. Instead, he simply made a factual finding as to the appropriate amount of support in the absence of any judicial finding. Contrary to Barson's claim, the court's failure to fix support in the decree cannot be construed to mean he is forever relieved of his duty to pay support.[2]

Even if the decree in question presented an issue of law as to interpretation, which it did not,[3] the very limited exceptions to the exhaustion requirement simply do not apply to support enforcement proceedings pursuant to the statute. Both RCW 74.20A.055 and WAC 388–11–105 adequately provide for review of any legal errors in the proceedings before the ALJ. The Department's final decision remains, of course, subject to full judicial review.[4] Barson could have properly reached the superior court by first appealing the ALJ's decision to the Department, and then by appealing that decision. The unambiguous language of former RCW 74.20A.055(5) precludes bypassing the designated review process.

The additional matters raised by Barson may be briefly resolved. The trial judge did not abuse his discretion in denying a continuance and in hearing the motion to dismiss even though Barson had not received the notice required by CR 6(d) and Snohomish County Local Court Rule 7(b)(2)(B). When a party has actual notice and time to prepare, deviation from the notice requirements of CR

---

[2]RCW 74.20A.055 permits the ALJ to set child support in the absence of a superior court order. WAC 388–11–011(7) states that "[a]n order that fails to expressly require payment of support by a responsible parent or that fails to specifically relieve a responsible parent of a support obligation is not a superior court order."

[3]The language of a decree of dissolution which is unambiguous need not be construed by the court. *Kirk v. Jacobson,* 85 Wn.2d 85, 88, 530 P.2d 643 (1975).

[4]*See* RCW 34.05.530, .570.

6(d) may be allowed.[5] Barson had been served with a copy of the Department's motion and memorandum, filed an extensive brief in opposition which was read by the judge prior to the hearing, argued his case and, finally, has had all his contentions fully reviewed on appeal. Grant or denial of a continuance, if Barson can be said to have requested one, is within the trial court's discretion.[6] Barson has demonstrated no prejudice arising from failure to conform to the time limits specified in the rules nor from denial of a continuance, and the judge's decision was not manifestly unreasonable. Hence, there was no abuse of discretion.[7]

Barson also alleges the Department erred in failing to institute the proceedings within 30 days as required by former RCW 74.20A.055(5) and WAC 388-11-060. The purpose of this time limit is to expedite collection from responsible parents, not to excuse a parent capable of paying merely because the Department is slow in instituting proceedings. Barson is not a beneficiary of the rule, nor was he prejudiced by the failure of the Department to act within the prescribed time limit.

Affirmed.

GROSSE, A.C.J., and WINSOR, J., concur.

Review denied at 115 Wn.2d 1029 (1990).

---

[5] *Loveless v. Yantis*, 82 Wn.2d 754, 759, 513 P.2d 1023 (1973); *Herron v. Herron*, 255 F.2d 589, 593 (5th Cir. 1958).

[6] *State v. Ralph Williams' North West Chrysler Plymouth, Inc.*, 87 Wn.2d 298, 553 P.2d 423 (1976), *appeal dismissed*, 430 U.S. 952 (1977).

[7] *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 599 P.2d 1289 (1979); *Devine v. Goggin*, 69 Wn.2d 144, 417 P.2d 606 (1966).