[No. 27086-9-I. Division One. July 29, 1991.]

THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Appellant,* v. MICHAEL THERON HANDY, *Respondent.*

*Kenneth O. Eikenberry, Attorney General,* and *Sarah Sappington, Assistant,* for appellant.

*Michael Theron Handy,* pro se.

FORREST, J. — At issue in this case is the relationship between Office of Support Enforcement (OSE) administrative support orders, pursuant to RCW 74.20A, and superior court support orders, pursuant to RCW 26.09. RCW 74.20A establishes a comprehensive framework for the administrative establishment of parental support obligations independent of the judicial process. There is a potential overlap when the superior court is called upon to establish child support in a dissolution proceeding. The controlling statutory provision is RCW 74.20A.055 which states in part:

> (1) The secretary may, in the absence of a superior court order, serve on the responsible parent or parents a notice and finding of financial responsibility . . ..
>
> . . . .
> (6) The final order establishing liability and/or future periodic support payments shall be superseded upon entry of a superior court order for support to the extent the superior court order is inconsistent with the administrative order . . ..

A superior court order is further defined as one providing a set or determinative amount of support and an order silent as to support is specifically excluded.[1]

### FACTUAL BACKGROUND

Michael Handy is the father of Melissa and Erica Handy. Michael Handy and Linda Howe (formerly Linda Handy) were separated sometime prior to March of 1987. The chronology of the subsequent pertinent events is as follows:

March 9, 1987: Ms. Howe requested nonassistance support enforcement services pursuant to RCW 74.20.040(2).

October 1987: Ms. Howe filed a petition for dissolution in superior court.

October 9, 1987: OSE served Handy with a notice and finding of financial responsibility, pursuant to RCW 74.20A.055. This notice alleged Handy owed $492 per month for support of his children for the months beginning March 1987. Handy timely requested an administrative hearing on this decision.

November 16, 1987: Handy informed the administrative law judge (ALJ) of a December 11 superior court hearing regarding child support and requested a continuance of the administrative proceedings. OSE opposed the motion and the ALJ denied the request.

December 10, 1987: Administrative hearing regarding Handy's support obligation was held, but no decision was entered pending the results of the superior court hearing.

December 11, 1987: Superior court show cause hearing regarding temporary support was held and an oral decision was entered ordering Handy to pay temporary support of $340 per month plus one-half of actual day-care expense commencing December 11, 1987.

December 30, 1987: Administrative law judge, not receiving notice of the superior court support obligation, entered an order for support payments of $434 per month, from March 1987 forward.

---

[1]RCW 74.20A.020; WAC 388-11-011(7).

January 6, 1988: Order of the Superior Court is reduced to writing and entered. The delay in entering the written order was due to the commissioner's illness.

March 14, 1988: Department of Social and Health Services (DSHS) review judge, on Handy's petition for review, affirmed the decision of ALJ.

September 11, 1990: Superior Court issued decision invalidating OSE support obligation.

DSHS appeals this final decision of the Superior Court.

### ANALYSIS

DSHS urges that OSE had the authority to enter its support order for time periods not addressed by the Superior Court's support order and that, therefore, the judgment below must be reversed. We agree.

■ In support of the judgment, Handy first asserts, as the Superior Court held,[2] that the *filing* of the dissolution petition deprives OSE of jurisdiction. No case law is cited in support of this position. Handy does not identify any statutory language so providing. On the contrary, RCW 74.20A.055(1) specifically provides that it is the absence of a superior court order and not the absence of a dissolution filing that authorizes OSE to proceed to establish a support obligation. The Legislature unquestionably has authority, as exercised in RCW 74.20A, to provide for the administrative establishment and enforcement of support obligations and to prescribe the relationship between such proceedings and support orders entered by the superior court pursuant to RCW 26.09.[3] Although our cases have not directly addressed this point, a preclusion of OSE authority by filing is inconsistent with the analysis of *Cole v. Department of Social & Health Servs.*,[4] *Barson v.*

---

[2]OSE is "deprived of jurisdiction to enter a final order . . . when the custodial parent . . . filed a dissolution of marriage action in superior court requesting the court determine the issue of child support."

[3]Handy does not challenge the constitutionality of RCW 74.20A.

[4]54 Wn. App. 342, 773 P.2d 866 (1989).

*Department of Social & Health Servs.,*[5] and *Powers v. Department of Social & Health Servs.*[6]

Handy next asserts, as the trial court ruled,[7] that the trial court's oral decision establishing support, announced December 11, 1987, and subsequently signed in written form January 6, 1988, sets an identifiable amount of support and hence precludes the administrative proceedings.[8]

■ ■ The strongly expressed policy of RCW 74.20 is that parents shall be responsible for the support of their children to the extent of their financial capability.[9] Although conserving public assistance funds was undoubtedly a prime motive for the legislation, both parties agree that there is no difference as to OSE's enforcement authority in assistance and nonassistance support cases such as this one. It is established, and not contested

---

[5]58 Wn. App. 616, 794 P.2d 538 (1990).

[6]32 Wn. App. 310, 648 P.2d 439 (1982).

[7]"Further, it is this court's conclusion that the statutory language in RCW 74.20A.055 'in the absence of a superior court order' would render invalid an administrative law judge's final order dated December 30, 1987, as an oral decision had previously been entered by the superior court on December 11, 1987."

[8]Although not urged by DSHS, we note that as of December 30, 1987, the date of the ALJ's final order, there was no superior court support order in effect. An oral decision from the bench is not binding on the judge nor on the parties and remains subject to correction and modification until it is reduced to writing and signed by the judge. Accordingly, pursuant to RCW 74.20A.055(6) the ALJ's December 30, 1987, order was a valid order and superseded only "to the extent the superior court order is inconsistent with the administrative order". DSHS plainly wishes this court to address the broader issue, which is obviously of great general importance, of the relationship between the two orders, if in fact the Superior Court had reduced its order to writing and signed it on December 11, 1987.

[9]"The purpose of this chapter is to provide the state of Washington, through the department of social and health services, a more effective and efficient way to effect the support of dependent children by the person or persons who, under the law, are primarily responsible for such support and to lighten the heavy burden of the taxpayer, who in many instances is paying toward the support of dependent children while those persons primarily responsible are avoiding their obligations." RCW 74.20.010, in part.

by Handy, that where a superior court order is silent as to support, OSE may proceed administratively to establish support obligations.[10] It would seriously frustrate the purposes of the statute to hold that the presence of a routine temporary support order in a dissolution proceeding vitiates all authority of OSE to establish and collect a support obligation for the period prior to the effective date of the superior court's temporary support order. For example, where a substantial support obligation has accrued by reason of public assistance payments to the custodial parent, it would be possible for the noncustodial parent and potential support obligor to file a dissolution petition, secure a temporary order and effectively wipe out the obligation at the public's expense.[11] Temporary support orders in dissolution proceedings are entered in summary fashion to deal with the immediate circumstances in support of the children and rarely, if ever, concern themselves with any prior support obligations.[12]

DSHS asserts that where a superior court order does not deal with the same time period that is addressed in the administrative proceeding, the superior court order is "silent" resulting in an "absence" of a superior court order and OSE is authorized to proceed. We agree. It is a general rule of statutory construction that statutes be

---

[10]WAC 388-11-011(7); *Barson v. Department of Social & Health Servs., supra; Powers v. Department of Social & Health Servs., supra* at 316; Washington State Bar Ass'n, *Family Law Deskbook* § 28.6(1) (1989).

[11]Handy does not explicitly assert, nor does he disclaim, that a logical result of his position would be that if a temporary order precludes administrative action, the final order would likewise preclude administrative action and, accordingly, the prior public assistance disbursements could never be recovered.

[12]DSHS argues that RCW 26.09 does not authorize setting of back child support, citing no statutory provision or any case authority but merely referring to the *Family Law Deskbook*. It is unnecessary for us to analyze this claim since the support order in question did not purport to address past support, but we wish to make absolutely clear that we are not by implication or in any other manner adopting this position.

construed to best effect their purpose.[13] The Legislature has enjoined the court to interpret the statute liberally to achieve its purposes.[14] We feel that this is best done by construing "in the absence of a superior court order", RCW 74.20A.055(1), to mean in the absence of a superior court order dealing with the same period of time as in the administrative proceeding.[15]

This is consistent with and parallel to the rule of RCW 74.20A.055(6) where an administrative order precedes the superior court order. We see no reason not to apply the same approach where the superior court order precedes the administrative order. This interpretation will facilitate the collection of money from parents who rightly owe support and thus reduce the State's burden of support of children. We see no risk of conflict arising between a superior court order and OSE order because the superior court would at all times retain the authority to deal specifically with the administrative obligation and thus to supersede it to the extent it deems necessary. Where an administrative establishment of a support obligation for a period prior to the commencement of the dissolution proceedings is in place, the superior court in the decree of dissolution may well wish to make provisions for this obligation along with other obligations of the parties in

---

[13]*State v. Neher*, 112 Wn.2d 347, 351, 771 P.2d 330 (1989).

[14]"It is the intention of the legislature that the powers delegated to the said department in this chapter be liberally construed to the end that persons legally responsible for the care and support of children within the state be required to assume their legal obligations in order to reduce the financial cost to the state of Washington in providing public assistance funds for the care of children." RCW 74.20.010, in part.

[15]A recent example of such statutory interpretation is found in *Clark v. Pacificorp*, 116 Wn.2d 804, 809 P.2d 176 (1991). The court interpreted the statutory language of RCW 51.24.060(1)(f): "If the employer or a co-employee are determined under RCW 4.22.070 to be at fault, (c) and (e) of this subsection do not apply . . .". The court reasoned that reading this language to mean "do not apply to the extent that the employer is determined to be at fault" best achieved the purposes of the statute.

making the final property division. Without an administrative establishment of a support obligation this cannot be reasonably accomplished.

Accordingly, we hold that the ALJ's order of December 30, 1987, is valid and effective except insofar as it is inconsistent with the court's order of January 9, 1988.

Reversed and remanded for further proceedings consistent with this opinion.

COLEMAN and BAKER, JJ., concur.

Reconsideration denied September 17, 1991.