[No. 24467-9-III.   Division Three.   December 5, 2006.]

LORAN S. ROBINETTE, *Appellant*, v. TRACIE HARSIN, *Defendant*, THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent*.

*Ronald B. Webster* (of *Webster & Frey, PLLC*), for appellant.

*Robert M. McKenna, Attorney General,* and *Alicia O. Ozanich, Assistant,* for respondent.

¶1 KATO, J. — RCW 74.20A.055 provides that the secretary of the Department of Social and Health Services (Department) may proceed against a financially responsible parent of a child receiving public assistance "if there is no order that establishes the responsible parent's support obligation or specifically relieves the responsible parent of a support obligation." At issue here is whether Loran Robinette's decree of dissolution "specifically relieve[d] the responsible parent of a support obligation," RCW 74.20A-.055, when it recited that the wife was pregnant but that the father was "undetermined." Clerk's Papers (CP) at 60. If it did, then the Department had no authority to initiate the support action that is the subject of this appeal.

¶2 We rely upon the legislature's expressed intent that its support enforcement legislation be liberally construed so as to effect its purpose that children should be maintained by the responsible parents. RCW 74.20A.010. In light of this intent, we hold that the dissolution decree's recitations did not specifically relieve Mr. Robinette of the obligation to support the daughter born four days after entry of the decree. Accordingly, we affirm the superior court, which upheld the administrative determination of his support obligation.

¶3 Mr. Robinette's appeal arises out of the following facts: On September 10, 2003, the Department, through its Division of Child Support, served Mr. Robinette with its Notice and Finding of Parental/Financial Responsibility. The hearing on the Department's administrative support order was held telephonically on January 24, 2005.

¶4 At the hearing, counsel for the Department stated its position: "Mr. Robinette is [Jordyn's] presumed father . . . . That presumption has not been rebutted." CP at 117. Specifically, under RCW 26.26.116,[1]

(1) A man is presumed to be the father of a child if:

. . . .

---

[1] In 1998, the presumption was codified at former RCW 26.26.040(1)(a).

(b) He and the mother of the child were married to each other and the child is born within three hundred days after the marriage is terminated by death, annulment, dissolution of marriage, legal separation, or declaration of invalidity.

¶5 Counsel for Mr. Robinette relied upon the finding in the dissolution decree that there were no dependent children of the marriage. He argued this finding amounted to an order that specifically relieved the responsible parent of a support obligation. Therefore, under RCW 74.20A.055(1), the Department, acting through the Division of Child Support, had no authority to proceed against Mr. Robinette.

¶6 Mr. Robinette's ex-wife and the mother of the child testified that Mr. Robinette is the child's father, based upon her observation that the child "looks just like him." CP at 123. There is no named father on the birth certificate. She prepared the dissolution petition which indicated the father was "undetermined." CP at 141. She testified that she did so because she "didn't want him to have anything to do with [the child] because [she was] afraid . . . for her, and for me, and for [her] other children." CP at 141.

¶7 At the administrative hearing, the mother admitted that she at one point had secured the signature of her first husband on a document acknowledging his paternity of the child. However, the mother never filed the signed acknowledgment, and she agreed at the hearing that there was no chance her first husband was the child's father.

¶8 Mr. Robinette testified that at the time he and his ex-wife separated in February 1998, he knew that she was pregnant. She told him that the father of the child was a man she was seeing in Seattle. Mr. Robinette stated he had not had a blood test performed to establish paternity.

¶9 The hearing judge mailed the written order to pay child support on January 28, 2005. The order stated: "The Decree of Dissolution finds that the wife is pregnant but that . . . '[t]he father of the unborn child is undetermined.'" CP at 4. The order further stated: "There is no court order specifically requiring the Non-Custodial Parent to pay

support for the child in issue nor specifically relieving the Non-Custodial Parent of his obligation to support the child in issue." *Id.* In assessing Mr. Robinette for child support, the order relied upon the statutory rebuttable presumption of paternity for children born within 300 days after a marriage terminates. *See* RCW 26.26.116(1)(b).

¶10 RCW 74.20A.030(2) provides that the Department may maintain an action to establish a support obligation. There is a potential overlap when the superior court has also been called upon to establish child support in a dissolution proceeding. Therefore, RCW 74.20A.055 limits the Department's authority to situations in which there is no superior court order "that establishes the responsible parent's support obligation or specifically relieves the responsible parent of a support obligation."

¶11 It is a general rule of statutory construction that statutes be construed to best effect their purpose. *State v. Neher*, 112 Wn.2d 347, 351, 771 P.2d 330 (1989). Here, the legislature's purpose is stated in RCW 74.20A.010. That section provides that it is this state's public policy that "this chapter be construed and administered to the end that children shall be maintained from the resources of responsible parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through welfare programs." That policy is best implemented by construing RCW 74.20A.055(1) to mean that the Department may act in the absence of a superior court order specifically finding a person to be a responsible parent *and* relieving him of a support obligation with respect to the child. *See Dep't of Soc. & Health Servs. v. Handy*, 62 Wn. App. 105, 111, 813 P.2d 610 (1991) (superior court order for temporary support that did not deal with same time period as administrative order did not divest department of authority to initiate support action).

¶12 Here, the decree stated there were no dependent children of the marriage, but it also stated that the father of the wife's unborn child was undetermined. In these circumstances, we decline to hold that the decree amounts to an

order finding Mr. Robinette is not the father of the unborn child and therefore has no obligation of support. We therefore conclude that the decree does not specifically relieve Mr. Robinette of a support obligation for the child. It follows that the Department had the authority to initiate a support action against him.

¶13 Mr. Robinette's reliance on *In re Marriage of Aldrich*, 72 Wn. App. 132, 864 P.2d 388 (1993), is misplaced. *Aldrich* construed the language of former RCW 74.20A-.055(1) (1997), which differed in material part from the 2002 amended version of the statute that was in effect at the time the Department initiated its support action here. The former statute provided that the Department could, "*in the absence of a superior court order*, serve on the responsible parent . . . a notice and finding of financial responsibility." Former RCW 74.20A.055(1) (emphasis added). But the amended statute authorizes the Department to act "if there is no order that establishes the responsible parent's support obligation or specifically relieves the responsible parent of a support obligation." RCW 74.20A.055(1). Our holding relies on the language of the amended statute; i.e., the superior court order in the dissolution did not specifically relieve Mr. Robinette of any support obligation with respect to the unborn child.

¶14 Second, Mr. Robinette argues the finding in the decree that the parties had no dependent children of the marriage rebutted the statutory presumption of paternity. Hence, the Department could not rely on the presumption of paternity under RCW 26.26.116(1)(b) to impose a support obligation on him.

¶15 Mr. Robinette reasons that "[t]he issue of paternity was squarely before the trial court as it found Ms. Harsin was pregnant." Reply Br. of Appellant at 10. He argues that when the court found there were no dependent children of the Robinette marriage, it was clearly ruling Mr. Robinette was not the father of Ms. Harsin's unborn child. And in so ruling, the court found Mr. Robinette had rebutted the presumption of paternity.

¶16 We disagree with his reasoning. To the contrary, nothing in the record supports a finding that the superior court considered and ruled on the paternity of the unborn child. Instead, it appears that the court, at most, simply accepted the wife's representation that the father of the unborn child was unknown, and, therefore, she was not asking for child support. In so doing, the court did not determine that Mr. Robinette was *not* the father of the unborn child. Indeed, it is arguable that, without more, a mother's assertion she does not know who fathered the child is insufficient as a matter of law to rebut the statutory presumption.[2]

¶17 Mr. Robinette's reliance on *Taylor v. Morris*, 88 Wn.2d 586, 564 P.2d 795 (1977), for the proposition that the Department has no authority to determine paternity is also misplaced. Unlike the situation in *Taylor*, in which the alleged putative father was never married to the child's mother, the Department here could lawfully rely on the presumption of paternity contained in RCW 26.26.116(1).

¶18 Mr. Robinette's motion for attorney fees and costs on appeal is denied.

¶19 Affirmed.

SWEENEY, C.J., and SCHULTHEIS, J., concur.

---

[2] Under the law in effect since 2002, the only way to rebut the presumption of paternity is by a proceeding to adjudicate parentage under RCW 26.26.500 through RCW 26.26.630. *See* RCW 26.26.116(2). And, RCW 26.26.600(1) provides that "[t]he paternity of a child having a presumed ... father may be disproved only by admissible results of genetic testing."