# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Marriage of | No.  50059-1-II |
| ROXANNE SHORTWAY, | |
| Appellant, | |
| and | |
| WILLIAM SHORTWAY, | UNPUBLISHED OPINION |
| Respondent. | |

WORSWICK, J. — Roxanne Shortway appeals a superior court order that determined the Department of Social and Health Services, Division of Child Support (Department) lacked jurisdiction to enter an administrative order.  The administrative order established the amount of day care expense arrearages her ex-husband, William Shortway, owed and also fixed a monthly dollar amount for ongoing day care expenses.[1]  Rather than seek review of the administrative order, William filed a motion in superior court challenging the order.  Roxanne argues that because William did not seek proper review of the Department order and because the Department had authority to enter the order, the doctrine of res judicata precludes William from collaterally attacking the order in superior court.

We hold that the superior court abused its discretion by determining that the Department lacked the jurisdiction to enter its order and erred by allowing William to collaterally attack the

---

[1] Because Roxanne and William share the same last name, we refer to them by their first names for clarity.  No disrespect is intended.

valid Department order after the order became final. We also hold that the superior court erred by entering a judgment against Roxanne based on the improper collateral attack. We, reverse the superior court's February 2017 order invalidating the Department's final order.

FACTS

Roxanne and William Shortway were married and had one child together, S.S. The couple divorced, and the Kitsap County Superior Court entered an order of child support and a parenting plan in July 2012. The superior court ordered William to pay $400 in child support plus 71 percent of all day care expenses each month. Roxanne and S.S. reside in Victoria, British Columbia, Canada.

Litigation between William and Roxanne has been extensive. In 2015, William filed a petition to modify the parenting plan. During the modification proceedings, William sent interrogatories to Roxanne seeking information regarding a day care expense subsidy she may have received from the Canadian government.

Around the same time, Roxanne initiated an action with the Department seeking to recover unpaid day care expenses from William. In November 2015, the Department sent William a Notice of Support Owed explaining that William owed $4,480 in day care expense arrearages and also informed William that he would be required to pay $345 each month as a fixed dollar amount for day care expenses.

William then filed a motion in the superior court seeking to restrain the Department from garnishing his wages pending Roxanne's answers to his interrogatories about receiving a subsidy from the Canadian government for day care expenses. William also requested that the court

compel Roxanne to the answer interrogatories. The court granted William's motion and restrained the Department from proceeding.

Roxanne eventually answered the interrogatories, revealing that she received a day care expense subsidy from the Canadian government. Based on this information, William filed a motion in superior court seeking to determine any day care expense arrearages or overpayments. William argued that Roxanne's government subsidy reduced her overall day care expenses, and thus, William had overpaid Roxanne. William also argued that he should not be obligated to pay for various camps that S.S. attended because the camps were "extra-curricular activities" and not day care expenses. Clerk's Papers (CP) at 12.

In January 2016, the superior court held a hearing on William's earlier petition to modify the parenting plan. The court entered a new final parenting plan reflecting the modifications. Despite that the hearing was a parenting plan modification hearing, the court made a partial oral ruling on the day care expense issue and stated that William was entitled to reimbursement for the government day care subsidy that Roxanne received. However, the court allowed Roxanne to submit supplemental information about the camps to prove that the camps were actually used in lieu of day care and were not extracurricular in nature.

In April 2016, while William's motion to determine arrearages and overpayment of day care expenses was still pending, Roxanne filed numerous motions with the superior court. The superior court held a hearing on her motions, denied some, and declined to rule on others because the issues were scheduled to be heard by the court at a later date.[2] Roxanne also filed a

---

[2] These motions are not germane to this appeal.

petition to modify the July 2012 child support order, requesting that the court adjust William's

child support obligation and order William to pay arrearages for any support amounts owed.[3]

On June 13, 2016 the superior court heard argument on William's motion on day care

expense arrearages and overpayment. The court ruled that William was not obligated to pay for

the camps because they were not day care expenses. The court calculated that William had

overpaid Roxanne in day care expenses in the amount of $1,158.54 as of February 28, 2016. The

court also established a methodology for calculating the appropriate currency exchange rates for

determining the day care expenses and ordered that "the exchange rate shall be determined by

the day the purchase or original payment was made." CP at 386-87. The court further reiterated

William's obligation to pay 71 percent of total day care expenses as ordered under the existing

July 2012 order of child support. On August 29, 2016, the superior court entered an order

reflecting its rulings.

On August 30, 2016, the day after the superior court entered its order on day care expense

arrearages, a Department administrative law judge (ALJ) held a hearing on Roxanne's 2015

Department action against William. On October 17, the ALJ issued an order requiring William

to pay Roxanne day care expense arrearages and setting a fixed dollar amount for future day care

expenses.

As a basis for the Department's jurisdiction, the ALJ cited to RCW 74.20A.055 and

RCW 74.20A.059. RCW 74.20A.055 provides in part:

> (1) The secretary may, if there is no order that establishes the responsible parent's support
> obligation or specifically relieves the responsible parent of a support obligation . . . , serve
> on the responsible parent or parents and custodial parent a notice and finding of financial

---

[3] Based on our record on appeal, it appears the superior court has not yet ruled on Roxanne's
petition to modify the child support order.

responsibility . . . . This notice and finding shall relate to the support debt accrued and/or accruing under this chapter and/or RCW 26.16.205, including periodic payments to be made in the future.

RCW 74.20A.059(1)(a) states that the Department has the authority to establish child support so long as the Department order has "not been superseded by a superior court order." The ALJ also noted that WAC 388-14A-3320(6)(c) authorizes the Department to determine "the amount of monthly support as a fixed dollar amount," and further cited RCW 26.23.110(1)(a), which allows the Department to act where a support order "[d]oes not state the current and future support obligation as a fixed dollar amount."

The ALJ concluded that because the superior court order did not address a time period after February 28, 2016, the Department had the authority under RCW 74.20A.055 and RCW 74.20A.059 to determine the amount of day care expense arrearages William owed from March 2016 forward. The ALJ also concluded that because the superior court's order did not express the day care expense obligation as a fixed dollar amount, the Department had the authority under WAC 388-14A-3320(6)(c) and RCW 26.23.110(1)(a) to set a fixed monthly dollar amount for William to pay going forward.

In determining the arrearages and the fixed monthly dollar amount, the ALJ applied the superior court's order that William pay 71 percent of S.S.'s day care expenses. The ALJ attempted to apply the superior court's methodology of calculating the currency exchange rate as set forth in the superior court's August 2016 order, but the ALJ erroneously applied the wrong currency exchange rate which resulted in an order requiring William to pay more than the ALJ intended. The Department ultimately ordered William to pay $3,084.46 in day care arrearages plus a fixed amount of $421.70 per month for day care expenses beginning October 2016.

5

William never sought administrative review of the Department order. Instead, after the ALJ entered the order, William filed a motion in the superior court titled "Motion Regarding Daycare Arrearages and the Administrative Ruling." CP at 454. In the motion, William requested an order from the court establishing a current day care expense arrearage amount, a determination of an offset for amounts he had already paid, and challenged the Department's determination that he owed a fixed dollar amount for day care expenses. William argued that Roxanne's reliance on the Department order was improper because the superior court's August 2016 order "controls" over the proceedings. CP at 455.

Roxanne responded that because William failed to properly and timely seek administrative review of the Department order, his motion should be dismissed as an improper petition for judicial review of an administrative hearing. Roxanne asserted that the Department order was proper because it covered a different period of time than the period covered in the superior court order.

On February 3, 2017, the superior court entered a written order containing findings of fact and conclusions of law. The court concluded that the Department lacked jurisdiction to enter an order regarding William's day care expense obligation because the superior court's July 2012 and August 2016 orders were preexisting and were not "silent."[4] CP at 527. The superior court vacated the Department order and entered a judgment against Roxanne reflecting an

_____

[4] A court order is "silent" where the superior court order does not cover the same time period that is addressed in an administrative proceeding. *See Dep't of Soc. & Health Servs. v. Handy*, 62 Wn. App. 105, 110, 813 P.2d 610 (1991). When a superior court order is silent, the Department has authority to proceed. *Handy*, 62 Wn. App. at 110; RCW 74.20A.055.

amount she owed William after offsetting the amount it determined William had overpaid in day care expenses.

Roxanne appeals the superior court's February 2017 order.

ANALYSIS

Roxanne argues that the superior court erroneously invalidated the Department order for lack of jurisdiction. Roxanne asserts that the Department had the authority to enter its order because the existing superior court orders were "silent" as to the time period for which the Department ordered covered. Br. of App. at 25. Roxanne also argues that the Department had the authority to enter a fixed monthly amount for day care expenses. Roxanne further asserts that because William failed to properly seek judicial review of the Department's final administrative order, the doctrine of res judicata bars William's collateral attack of the Department order in the superior court.

William argues that res judicata does not apply to this case because Roxanne initiated concurrent litigation in both the superior court and in the Department. We hold that res judicata bars Williams's collateral attack of the Department order. Therefore, the superior court erred by invalidating the Department's final order and in entering a judgement against Roxanne.

I. STANDARD OF REVIEW

We review a trial court's child support order for an abuse of discretion. *In re Marriage of Fiorito*, 112 Wn. App. 657, 663, 50 P.3d 298 (2002). A court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons. *In re Marriage of Jess*, 136 Wn. App. 922, 926, 151 P.3d 240 (2007). If a court's ruling is based on an erroneous view

of the law, it is necessarily an abuse of discretion. *In re Marriage of Herridge*, 169 Wn. App. 290, 296-97, 279 P.3d 956 (2012).

Jurisdiction is the power to hear and determine a cause or proceeding. *State v. Golden*, 112 Wn. App. 68, 72, 47 P.3d 587 (2002). Jurisdictional challenges are questions of law that we review de novo. *Golden*, 112 Wn. App. at 72. Accordingly, although we review the superior court's February 2017 order for abuse of discretion, we review de novo the superior court's conclusion that the Department lacked jurisdiction.

## II. AUTHORITY OF THE DEPARTMENT

Roxanne argues that the superior court erred when it ruled that the Department did not have jurisdiction to enter its order. Roxanne specifically argues that because the superior court's August 2016 order did not address day care expense arrearages for the months of March through September 2017, the superior court's order was "silent" on that issue and the Department had the authority to proceed administratively. Roxanne further argues that the superior court order also did not address William's future day care expense obligation as a fixed amount, and therefore, the Department again had the authority to order William to pay a fixed monthly amount for day care expenses. We agree and hold that the Department had jurisdiction to enter its order.

"[A]dministrative agencies, being 'creatures of statute', possess only such powers and authority as are expressly granted by statute or necessarily implied therein." *In re Marriage of Aldrich*, 72 Wn. App. 132, 137-38, 864 P.2d 388 (1993) (alteration in original) (quoting *Taylor v. Morris*, 88 Wn.2d 586, 588, 564 P.2d 795 (1977)). Various statutes grant the Department the power to enforce a parent's child support obligation judicially or administratively, regardless of the existence of a superior court order. RCW 74.20A.040; RCW 74.20A.055. Additionally,

8

where a superior court order does not cover the same time period that is addressed in an administrative proceeding, the superior court order is "silent" resulting in an "absence" of a superior court order, and the Department has authority to proceed. *Dep't of Soc. & Health Servs. v. Handy*, 62 Wn. App. 105, 110, 813 P.2d 610 (1991); *See* RCW 74.20A.055(1). However, the Department must compute support according to an existing court order's provisions. RCW 74.20A.030(1); RCW 74.20A.040(1), (3)(a).

A.      *Existing Superior Court Orders*

Contrary to William's assertions and the superior court's conclusion, the existence of the July 2012 and August 2016 superior court orders do not deprive the Department of the authority to proceed administratively as to the day care expense arrearage calculations for March through September 2016 and as to calculating a future fixed dollar amount for monthly day care expenses.

Several cases address the interplay between existing superior court support orders and the authority of the Department to establish and collect support obligations. *See Handy*, 62 Wn. App. at 111; *see also Robinette v. Harsin*, 136 Wn. App. 67, 71, 147 P.3d 638 (2006); *Brown v. Dep't of Soc. & Health Servs*., 136 Wn. App. 895, 897-98, 151 P.3d 235 (2007). In *Handy*, the court recognized that a holding that the existence of a superior court support order "vitiates all authority of [the Department] to establish and collect a support obligation" would seriously frustrate the purpose of the statutes authorizing the Department's ability to act. 62 Wn. App. at 110. Accordingly, the mere existence of the superior court's July 2012 and August 2016 orders does not divest the Department of the authority to act.

9

B.      *March through September Arrearages*

The Department had the authority to order William to pay day care expense arrearages not covered by an existing court order. RCW 74.20A.040 authorizes the Department to collect child support arrearages and debts. The superior court's August 2016 order addressed William's arrearages only through February 2016 and did not address day care expense arrearages for the months of March through September 2016. Because the superior court order was silent by not addressing the time periods of March through September 2016, the ALJ properly relied on RCW 74.20A.040 to enter an order on arrearages. *Handy*, 62 Wn. App. at 110. Thus, the Department had the authority to address the arrearages in its final order.

C.      *Monthly Fixed Dollar Amount*

The Department similarly had the authority to order William to pay a fixed monthly amount in day care expenses. RCW 26.23.110 allows the Department to state a fixed dollar amount for support obligations when a superior court order does not state the obligation as a fixed dollar amount. Both the superior court's July 2012 of August 2016 orders required William to pay 71 percent of day care expenses and did not state a monthly fixed dollar amount of day care expenses. In its final order, citing RCW 26.23.110, the ALJ ordered William to pay a fixed monthly amount of day care expenses. Therefore, the ALJ properly exercised its authority under RCW 26.23.110 in ordering William to pay day care expenses as a fixed monthly amount.

Because the existing superior court orders did not address day care expense arrearages from March through September 2016 and did not state day care expenses as a fixed dollar

amount, the Department had the authority to address those issues. Accordingly, the superior court abused its discretion concluding that the Department lacked authority in this case.

### III. DEPARTMENT ERROR

Although the Department had the authority to act, the Department order was mathematically incorrect. Where there is an existing court order, the Department must compute child support according to the court order's provisions. RCW 74.20A.030(1); RCW 74.20A.040(1).

Here, the ALJ applied the incorrect U.S. to Canadian currency rate. The August 2016 order stated that "the exchange rate shall be determined by the day the purchase or original payment was made." CP at 386-87. The ALJ appears to have applied the average currency rate for each month rather than applying the currency rate in effect on the date of the purchase of day care. The ALJ also applied the rate of conversion from Canadian dollars to U.S. dollars rather than properly applying the rate of conversion from U.S. dollars to Canadian dollars, as required under the superior court order. This error resulted in an erroneously increased U.S. dollar amount owed for day care expenses. Because of these errors, the Department failed to compute child support according to the provisions of the superior court order.

Additionally, the Department stated that the amount that Roxanne paid in day care for the summer months of June through August totaled $600 Canadian dollars per month and the amount she paid for the months of September through May totaled $400 Canadian dollars per month. In its earlier ruling, the superior court ordered that William was entitled to reimbursement for Roxanne's use of government day care subsidy. There is no way to glean from the Department order if the ALJ considered any offset for William due to Roxanne's

11

receipt of the government subsidy when determining the fixed monthly rate for day care expenses.

So, although the Department had the authority to enter an order on arrearages and to fix a monthly amount, it erred when it failed to compute the amounts in accord with the superior court's order. However, because the Department did not lack authority over the issues, William was required to seek proper review of the Department order to contest its conclusions.

IV. RES JUDICATA PRECLUDES ATTACK OF DEPARTMENT ORDER

Roxanne argues that because William failed to properly seek review of the Department's final administrative order, the doctrine of res judicata should have applied to bar his attack of the Department order in the superior court. William argues, without citation to any authority, that because Roxanne initiated concurrent litigation on the same issues in both the superior court and in the Department, res judicata does not apply.[5] We agree with Roxanne and hold that res judicata bars William's collateral attack of the Department order.

Res judicata is a doctrine that prevents relitigation of already determined causes. *Richert v. Tacoma Power Util*., 179 Wn. App. 694, 704, 319 P.3d 882 (2014). It applies to the quasijudicial decision of an administrative tribunal as well as to the judicial decision of a court. *Aldrich*, 72 Wn. App. at 138. Res judicata precludes litigation by collateral attack, and generally

---

[5] William asserts that Roxanne is precluded from arguing that res judicata applies to bar his attack of the Department order in the superior court because Roxanne initiated "concurrent litigation" in both the superior court and within the Department. William cites to no authority supporting his argument. There is support to the contrary however. Courts have already established that a party can have an ongoing superior court action in conjunction with an ongoing Department action. *See Dep't of Soc. & Health Servs. v. Handy*, 62 Wn. App. at 111 (detailing that a petitioner properly initiated a Department support action while there was an ongoing superior court action).

speaking, a motion filed in a different action constitutes a collateral attack. *Aldrich*, 72 Wn. App. at 138. Res judicata operates at such time as the decision in question becomes final. *Aldrich*, 72 Wn. App. at 138.

The doctrine of res judicata applies "where a prior final judgment is identical to the challenged action in '(1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made.'" *Lynn v. Dep't of Labor & Indus.*, 130 Wn. App. 829, 836, 125 P.3d 202 (2005) (internal quotation marks omitted) (quoting *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 763, 887 P.2d 898 (1995)). Whether an action is barred by res judicata is a question of law we review de novo. *Lynn*, 130 Wn. App. at 837.

The only res judicata element at issue here is whether a prior final judgment existed and precluded William's attack in superior court. The parties do not dispute any other elements of res judicata and therefore we address only the disputed element.

The Department order states:

> **Superior Court Review:** You also have the right to appeal this Final Order to superior court within thirty (30) calendar days of the mailing date of the Final Order. RCW 34.05.542(3) and WAC 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. You do not need to file a request for reconsideration before requesting review in superior court. DSHS cannot request superior court review. Please refer to WAC 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 for information about how to serve your request for superior court review.

CP at 468. Additionally, WAC 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(1) states:

> You must file and serve the petition for judicial review of a final order within thirty days after the date it was mailed. You must file your petition for judicial review with the court. You must serve copies of your petition on DSHS, the office of the attorney general, and all other parties.

After the ALJ rendered its ruling on October 17, the Department order became final. William never filed a petition for reconsideration nor a petition for judicial review. Although

William did file a motion in the superior court within 30 days of the mailing of the Department order, William did not follow the procedures required to properly seek judicial review under RCW 34.05.542(3) and WAC 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. William failed to file a petition with the court within 30 days, or serve copies of a petition on the Department, the attorney general, and Roxanne.

Because William failed to properly seek judicial review of the final Department order and, instead, improperly filed a motion in the superior court challenging the Department order, res judicata applies to preclude William's improper collateral attack of the order in superior court.

## CONCLUSION

We hold that the superior court abused its discretion by misapplying the law when it ruled that the Department was without jurisdiction to enter its final order.[6] Additionally, because the Department had the authority to enter an order on arrearages and a fixed monthly amount, the superior court abused its discretion in entering a judgment against Roxanne based on William's improper collateral attack. We hold that the Department order is binding unless and until a superseding superior court order is entered or until the Department modifies its existing order. We, therefore, reverse the superior court's February 2017 order invalidating the Department's final order.

---

[6] Nothing in this opinion should be taken to mean that William is not entitled to seek a new superior court child support order that would supersede that Department's final order on a prospective basis. *See* RCW 74.20A.055(7). Additionally, it should be noted that Roxanne's petition to modify the child support order is still pending with the superior court, the outcome of which may affect the Department's final order. *See* RCW 74.20A.055(7).

No. 50059-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, C.J.

_____
Lee, J.